THE STATE, EX REL. CARSON, AUDITOR OF CASS COUNTY, *v.* HEBEL ET AL.

SUPREME COURT.—*Appeal to, after Payment of Judgment.*—*County Auditor and Treasurer.*—A county treasurer has authority to receive and receipt for, and the county auditor has power to give a quietus for, the amount of a judgment recovered on the bond of a defaulting county treasurer, for moneys due the county; and, although such receipt and quietus be given without the sanction of the county commissioners, an appeal by the plaintiff will not afterward lie to the Supreme Court, from such judgment.

From the Cass Superior Court.

*N. O. Ross* and *R. Magee,* for appellant.

*S. T. McConnell,* for appellees.

The State, *ex rel.* Carson, Auditor of Cass County, *v.* Hebel *et al.*

SCOTT, J.—Suit on official bond as treasurer of Cass county, against Hebel, as principal, for failure to pay over to his successor in office moneys in his hands as such treasurer.

The other defendants were sureties on the bond. Issue; trial by jury; verdict for plaintiff of six thousand and fifty-seven dollars and ninety-eight cents. Judgment was rendered on the verdict on the 16th day of November, 1878. Appeal by plaintiff to this court. The transcript was filed in this court on the 1st day of January, 1879. On the 28th day of May, 1879, the appellees moved to dismiss the appeal, and filed a written motion, in which it is stated that the appellees had paid the judgment in full, and the money had been accepted by the appellant. The motion is submitted on an agreed statement of facts.

It is admitted, that on the 21st day of November, 1878, Richard Tyner, one of the appellees in the above entitled cause, paid to William T. S. Manly, treasurer of Cass county, Indiana, the sum of sixty hundred and sixty-four dollars and five cents, who, as such treasurer, received the same in full of principal and interest of said judgment, and received from him a receipt therefor, of which the attached exhibit, No. 1, is a true copy; and that said Tyner presented to Robert R. Carson, auditor of Cass county and relator in above case, said receipt, and received from him a quietus therefor, of which the attached exhibit, No. 2, is a true copy. It is further admitted, that the Board of Commissioners of Cass county, Indiana, never authorized, sanctioned or approved said payment, and that no other act was done by any other legal authority to pay or discharge said judgment, except as above stated. It is further admitted that said judgment has not been receipted upon the order book or judgment docket where the same is entered of record,

either by the. attorneys of record of the plaintiff, or by any other person, except by William T. S. Manly, who receipted the same. as treasurer of Cass county, Indiana, and who .was at the time treasurer of said county, and was also one of the defendants in said cause, which receipt bears date November 21st, 1878, and is endorsed in the handwriting of the defendant's attorney, on the order book of said .court, in which said judgment was rendered, a. copy of which is attached hereto, marked " Exhibit 3."

" Exhibit 1.

" Office of the Treasurer of Cass County,
    LOGANSPORT, Indiana, November 21, 1878.
" Received of Richard Tyner the sum of sixty hundred and sixty-four dollars and five cents, in full for judgment against Jacob Hebel and securities.

" WM. T.. S. MANLY,

" $6,064.05.              Treasurer of Cass County."

" Exhibit 2.

"$6,064.05.        Auditor's Office, Cass Co.,
                    LOGANSPORT, Ind., Nov. 21, 1878.
" This certifies that Richard Tyner this day filed in my office the county treasurer's receipt, No. 242, for sixty hundred and sixty-four dollars and five cents, for judgment against Jacob Hebel and sureties.

" R. R. CARSON,

"Auditor Cass Co."

" Exhibit 3.

" Received of Richard Tyner, one of the sureties to this judgment, sixty hundred and sixty-four dollars and five cents, in full of this judgment and interest. $6,064.05. November 21, 1879.              W. T. S. MANLY,

" Treasurer of Cass County, Ind.

" Saml. L. McFadin, Clerk."

Section 550 of the code provides that " The party

obtaining judgment shall not take an appeal after receiving any money paid or collected thereon.''

The money was paid on the judgment to the only officer who had the authority to receive money due the county; he gave a receipt for the amount paid; Tyner presented the same to the proper county officer, who was the relator in the suit in which the judgment was rendered, and such officer gave him a quietus, which he had authority to do under the statute. 1 R. S. 1876, p. 905.

We are of opinion that, under the facts, the relator can not maintain his appeal.

The motion to dismiss the appeal is sustained, and the appeal dismissed, with costs to appellant.