Filed Nov. 16, 1886.

---

No. 12,975.

STERNE *v.* VERT ET AL.

APPEAL.—*Acceptance of Benefits Under Judgment Precludes Appeal.*—A party can not accept the benefit of an adjudication and yet allege it to be erroneous.

SAME.—*Mortgage.*—*Foreclosure.*—*Procuring Sale Under, Bars Appeal from Decree.*—Where, in a suit to foreclose a mortgage covering different tracts of land, a decree is given that the mortgage is invalid as to one tract, but a valid lien upon the others, and the plaintiff procures a sale to be made thereunder of the latter, and buys in those tracts, he can not afterwards appeal from the decree, alleging it to be erroneous.

From the Hamilton Circuit Court.

*T. J. Kane* and *T. P. Davis*, for appellant.

*F. M. Trissal*, for appellees.

MITCHELL, J.—This was a suit by Sophie Sterne to foreclose a mortgage executed by William Vert and Augusta, his wife, on the 20th day of October, 1881.

The mortgage covered three separate parcels of land, in Hamilton county. At the time the mortgage was executed

the mortgagors, William and Augusta Vert, owned one of the tracts mortgaged, as tenants by entireties. Prior to the commencement of this suit both William Vert and his wife departed this life, the husband having died first.

The contest below related wholly to the tract of land owned as above, by the husband and wife. The surviving children and heirs of the wife, by a cross complaint, set up the state of the title at the time the mortgage was executed, and alleged that the mortgage was void, because the debt thereby secured was the debt of their father, William Vert, the husband of Augusta, who it is alleged was surety.

Upon issues made on the complaint and cross complaint, the court found the facts specially, and stated conclusions of law, to the effect that there remained due the plaintiff on her mortgage debt the sum of $2,000, and that the mortgage was a valid lien upon two of the tracts of land therein described, and invalid as to the tract in contest, as above mentioned.

A decree was given for the plaintiff below, foreclosing the mortgage, and ordering the sale of two of the tracts, and in favor of the cross complainants as to the other, quieting their title thereto.

From this decree the appellant, who was the plaintiff below, appealed to this court, the record having been filed here on March 27th, 1886.

Various errors are assigned, upon which a reversal of the decree is asked.

The appellees, on the 2d day of September, 1886, by a verified special answer in bar to the errors assigned, allege that after the judgment and decree were rendered in the court below, to wit, on the 31st day of December, 1885, the appellant caused a copy of the decree and order of sale to be issued out of the office of the clerk of the circuit court of Hamilton county, and placed the same in the hands of the sheriff, who proceeded to advertise and sell two of the tracts of land embraced in the decree. It is averred that at such sale, which is alleged to have occurred on the 23d day of January, 1886,

the appellant became the purchaser of both of the tracts of land, so sold under the decree, for the sum of $1,050, the proceeds of which, it is charged, she received before prosecuting this appeal.

A certified copy of the decree and order of sale, with the sheriff's return thereon, establishes the truth of the matters alleged in the answer filed.

It thus appears that after electing to use the alleged erroneous judgment and decree of the court, in selling two tracts of the land therein described, the appellant is prosecuting an appeal to this court, seeking a reversal of the decree as to the other tract. This can not be done.

The case falls fairly within the ruling in *Clark* v. *Wright,* 67 Ind. 224, and the later case of *Baltimore, etc., R. R. Co.* v. *Johnson,* 84 Ind. 420, and the authorities there cited. "A party can not accept the benefit of an adjudication and yet allege it to be erroneous."

It does not alter the case that there was no controversy respecting the several tracts, upon which the decree was given in appellant's favor. The appeal was, and must of necessity have been, from the whole decree as given. Having availed herself of so much of the decree as was favorable to her, both the statute (section 632) and the common law affirm that an appeal is thereafter denied to the appellant. Any other rule might result in bringing about embarrassing complications, and manifest injustice to the appellees, in case a reversal of the decree should result. The decree appealed from, and which was in force when the land was sold, having exempted the lands claimed by the appellees from the lien of the mortgage, they may have not deemed it of any importance to them to see that the other two tracts sold for a sum sufficient to pay the appellant's debt, or for the best price which might have been obtained.

The appellant may have thereby secured a bargain in the purchase. If she may now hold on to what she has thus acquired, and yet reverse the judgment so far as it is unfavor-

able to her, the appellees will not be in the same situation they would have occupied in case the reversal had been secured before the sale of the other tracts.

When the decree appealed from was rendered, the appellant had the election either to appeal or adopt the decree as it was, and avail herself of its benefits. Having decisively elected to pursue the latter course, she must now be confined exclusively to the course first adopted. Every consideration leads to the conclusion that the appeal can not now be maintained.

It is therefore dismissed, at the appellant's costs.

