## SONNTAG ET AL. *v.* KLEE ET AL.

[No. 18,227. Filed October 14, 1897.]

APPEAL AND ERROR.—*Release of Errors by Accepting Benefit of Judgment.—Estoppel.— Statute Construed.—* Under the provisions of section 644, Burns' R. S. 1894 (632, R. S. 1881), a party cannot accept the benefit of an adjudication and yet allege it to be erroneous; the acceptance of such benefits will be treated by the Supreme Court as a release of the errors assigned. *p. 538.*

From the Vanderburgh Circuit Court. *Appeal dismissed.*

*Phillip W. Frey* and *Peter Maier,* for appellants.

*Charles L. Wedding,* for appellees.

HOWARD, J.—This was an action by appellees against appellants for possession of certain real estate and machinery thereon.

The allegation made in the complaint as to the machinery is, that the appellees are "also the owners and entitled to the immediate possession of all the machinery, boilers, belting, pulleys, appliances, office furniture, and iron safe on said premises, which have been used as a part of the machinery and appliances in connection with the manufacture of furniture by said defendants."

The appellants answered by general denial, and also by a paragraph setting out the litigation and other matters relating to the history and ownership of the

factory. It was stated in this answer that when appellants came into possession of the property, they placed therein a large amount of improved machinery which they claimed to own as movable property. The court, however, in its special finding of facts, found that the machinery so claimed by appellants was a part of the real estate, and that in the sale of the property to appellees on foreclosure of mortgage, "the lots, buildings, all machinery, appliances, belts, pulleys, and office furniture were sold to plaintiffs as an entirety, and as real estate."

Notwithstanding the issues so made, and the finding that "all the machinery" was sold to appellee, the court made its first conclusion of law as follows:

"At the time of the bringing of this action, the plaintiffs were and now are the owners in fee of all the property mentioned in the complaint, except the machinery which had been removed to the second floor and for which other machinery had been substituted, which machines so removed belong to the defendant company."

The exception so made in appellants' favor is carried out in the decree, in which, after adjudging that the appellees are the owners in fee simple of the lots described, "together with the buildings and improvements thereon, with all the engines, machinery, pulleys, belts, appliances in use in and about said premises, and that they recover of the defendants the possession thereof," the court continues: "But this shall not include machines removed to the second floor which are the property of the defendant company."

But appellees raise no question as to the exception in favor of appellants so made by the court in its conclusions of law and in its final decree. They simply ask for the affirmance of the judgment.

Appellees do, however, by their verified special an-

swer in bar to the errors assigned, ask that the appeal be dismissed. In this answer it is averred, that the machinery awarded to appellants by the decree is of the value of one-half the machinery substituted for it by appellants, or of greater value; that after the rendition of the decree appellants, who are wholly insolvent, took the part of the machinery given to them by the court and sold and disposed of the same and converted the proceeds to their own use and benefit; and that appellants having thus accepted the benefits of so much of the judgment as was in their favor cannot now be relieved of so much of the judgment as was against them, and consequently are estopped from prosecuting this appeal.

Appellants admit and seek to justify their acceptance and sale of the machinery awarded to them, but contend that they are not thereby debarred from prosecuting their appeal from that part of the judgment in favor of appellees.

We are of opinion that this question has been settled against the contention of appellants, both by the statute and by the rulings of this court. In section 644, Burns' R. S. 1894 (632, R. S. 1881), it is said: "The party obtaining judgment shall not take an appeal after receiving any money paid or collected thereon." And in *Sterne* v. *Vert*, 108 Ind. 232, it was accordingly held that "A party cannot accept the benefit of an adjudication and yet allege it to be erroneous."

Nor is it material that appellees interposed no objection to the awarding of a part of the machinery to appellants. Appellees were satisfied with the decree, and are still satisfied with it. But if the judgment should be reversed and the case sent back for a new trial appellees would have suffered a distinct loss and appellants secured a clear gain in the removal of a part of the machinery from the controversy.

"It does not alter the case," said Judge Mitchell in *Sterne* v. *Vert, supra,* "that there was no controversy respecting the several tracts, upon which the decree was given in appellant's favor. The appeal was, and must of necessity have been, from the whole decree as given. Having availed herself of so much of the decree as was favorable to her, both the statute (section 632) and the common law affirm that an appeal is thereafter denied to the appellant. Any other rule might result in bringing about embarrassing complications, and manifest injustice to the appellees, in case a reversal of the decree should result."

A like conclusion was reached in the recent case of *McGrew* v. *Grayston,* 144 Ind. 165, where numerous authorities are cited, and it is held that an acceptance of the benefits of a judgment will be treated as a release of errors. See also *Glassburn* v. *Deer,* 113 Ind. 174; *Stauffer* v. *Salimonie, etc., Gas Co.,* 147 Ind. 71.

Appeal dismissed.