Ewing v. Ewing.

# EWING v. EWING ET AL.

[No. 19,957. Filed December 8, 1903.]

APPEAL.—*Recognizing Judgment by a Written Contract.—Dismissal.*—
Plaintiff brought suit against defendant for an accounting and
dissolution of partnership, and to quiet title to certain real estate
in the partnership. There was a judgment for plaintiff, and a
receiver appointed. On the day the judgment was rendered the
parties entered into a written agreement by the terms of which
defendant was to receive, and did receive, the rents of the prop-
erty in dispute to a certain future date, and in consideration
therefor surrendered all claim to the rents thereafter. *Held*, that
the defendant having by the agreement recognized said judgment
and received a consideration therefor, is estopped from asking its
reversal for alleged error.

From Huntington Circuit Court; *J. C. Branyan*, Judge.

Suit by James Ewing against William Ewing. From
a judgment for plaintiff, defendant appeals. Transferred
from Appellate Court, under §1337u Burns 1901. *Appeal
dismissed.*

*B. M. Cobb*, for appellant.

*M. L. Spencer* and *W. A. Branyan*, for appellees.

MONKS, J.—This action was brought by appellee James
Ewing against appellant for an accounting and dissolution
of partnership, and to quiet title to certain real estate in
the partnership which was held in the name of appellant
and claimed by him to be his individual property, and for
the appointment of a receiver to dispose of the property of
the firm, collect claims, and pay its debts. A trial of the
cause by the court resulted in a special finding, conclusion
of law, and judgment against appellant, and the appoint-
ment of a receiver to take charge of and sell the partner-
ship property, collect the claims due said firm, and pay its
debts. Said special finding was made, conclusion of law
stated, and final judgment rendered November 25, 1901.
On the same day the receiver filed his bond and entered
upon the discharge of his duties.

This appeal was perfected by filing a transcript in this court on September 27, 1902, without filing any appeal bond. Appellee has filed a verified answer in bar of the assignment of errors and demands that the appeal be dismissed.

It appears from the record that several tracts of real estate in Huntington county, Indiana, which appellant claimed to own, were adjudged by the court to be the property of the firm, and the receiver was ordered by the court in said judgment to sell the same and apply the proceeds to the payment of the debts of said firm, and that, until said real estate was sold, said receiver was to collect the rents and profits thereof. It is alleged in said verified answer that on the day said final judgment was rendered the parties to this cause entered into a written agreement under which appellant's attorney was to collect the rents for said real estate from that date until May 1, 1902, and that in consideration thereof appellant surrendered any claim to collect rent thereafter, and that rents amounting to $108.97 were received by appellant's attorney under said agreement. By virtue of the judgment the receiver was entitled to receive the rent of said property until sold. Under the agreement, however, appellant was given the rent until May 1, 1902, after which date appellant surrendered all claim thereto. By said contract, appellant, in effect agreed that the rights of the parties to said judgment should be determined thereby, except as changed by said agreement. Having recognized said judgment by said contract, and having obtained the consideration therefor, appellant is estopped from asking its reversal for alleged error. Said agreement and the receipt of the rent must be treated as a release or waiver of error, if any. *Stauffer* v. *Salimonie Mining, etc., Co.,* 147 Ind. 71, and cases cited; *Manlove* v. *State,* 153 Ind. 80, and cases cited; *McGrew* v. *Grayston,* 144 Ind. 165, 167, and authorities cited; *Glass-*

*burn* v. *Deer,* 143 Ind. 174, 183, and authorities cited; *Sonntag* v. *Klee,* 148 Ind. 536.

The motion to dismiss the appeal is therefore sustained, and appeal dimissed.