MUTUAL BENEFIT LIFE INSURANCE COMPANY
*v.* SIMPSON, ADMINISTRATOR, ET AL.

[No. 20,320.   Filed May 24, 1904.]

APPEAL AND ERROR.—*Receiving Money on Judgment.*—*Dismissal.*—Where the appellant accepts payment of the judgment appealed from, even though done for the accommodation of the appellee and with an agreement that such acceptance shall not affect its rights on appeal, a motion to dismiss will be sustained.

From the Montgomery Circuit Court; *Jere West,* Judge.

Action by Alfred L. Simpson, as administrator of the estate of Elijah H. Boxley, deceased, against the Mutual Benefit Life Insurance Company and others. From a judgment for said company for the principal claimed on its mortgage, but denying interest and attorneys' fees, it appeals. Transferred from Appellate Court under §1337u Burns 1901. *Dismissed.*

*F. P. Mount,* for appellant.
*H. M. Perry, S. C. Kennedy* and *Dumont Kennedy,* for appellees.

JORDAN, C. J.—Appellee Simpson, as administrator of the estate of Elijah H. Boxley, deceased, filed his petition in the lower court, asking for an order to sell real estate of his decedent for the payment of debts. Appellant held a mortgage on the premises sought to be sold, and was made a party defendant to the proceedings. It appeared and filed an answer setting up its mortgage, and alleging that the same was a first and best lien on the realty, and that there was due on the mortgage note the sum of $900 as principal, together with $22.50 interest, and $46.12 attorney's fees. The court, upon hearing the petition, found that there was due appellant upon the mortgage in question the principal sum of $900, and no more. A sale of the real estate was ordered, and it was further adjudged that

the amount due to appellant, with interest thereon until paid, was a first and best lien upon the premises. The court rejected and disallowed appellant's claim for attorney's fees upon the mortgage note. From this judgment it appealed, and filed a transcript of the record in the office of the clerk of this court on March 31, 1903. The cause was submitted on April 30, and on May 12 appellant filed its brief. A reversal of the judgment is asked by the appellant solely upon the ground that the court erred in refusing to allow on the mortgage note, in addition to the principal sum of $900, $46.12 as attorney's fees.

A motion to dismiss the appeal has been filed by appellee on the ground that appellant, after appealing from the judgment below, received and accepted the sum of $907.87 in full payment and satisfaction of the amount adjudged to be due by the lower court. This fact is fully verified by affidavits. Appellant has filed a counter affidavit wherein it admits that it received from and accepted of appellee the said sum of $907.87 on the mortgage indebtedness, but alleges that the money was received and accepted for the sole purpose of accommodating appellee in the sale of the mortgaged realty, and upon his representations that appellant could accept the money without prejudice to its rights in this appeal.

Section 644 Burns 1901 provides, among other things, that "the party obtaining judgment shall not take an appeal after receiving any money paid or collected thereon." This statute absolutely forbids a party who receives money in satisfaction of a judgment, in whole or in part, from thereafter prosecuting or maintaining an appeal therefrom. This has universally been the holding of the higher courts of this State. *Patterson* v. *Rowley* (1878), 65 Ind. 108; *State, ex rel.,* v. *Kamp* (1886), 111 Ind. 56; *Newman* v. *Kiser* (1890), 128 Ind. 258; *Holman* v. *Stannard* (1895), 14 Ind. App. 146; *Martin* v. *Bott* (1897), 17 Ind. App. 444.

The fact that appellant may have received the money in question on its judgment at the solicitation of appellee, for the accommodation of the latter, and in the belief that its right to maintain the appeal would not thereby be affected, can not avail to prevent the dismissal of the appeal. *Holman* v. *Stannard, supra.*

By receiving the money, appellant eliminated from the case all real questions in controversy. In fact, under the circumstances, the record presents nothing but a moot question, and, as a general rule, in any appeal to this court where such appears to be a fact, the appeal will be dismissed. *Rowe* v. *Bateman* (1899), 153 Ind. 633; *State, ex rel.,* v. *Board, etc.* (1899), 153 Ind. 302; *Chicago, etc., Co.* v. *Lewis* (1901), 156 Ind. 232.

It follows that the motion must be sustained, and the appeal is accordingly dismissed.