## Thomson *v.* Midland Portland Cement Company et al.

[No. 5,591. Filed March 13, 1906.]

Appeal and Error.—*Receivers.*—*Judgment.*—*Receiving Benefits of.* — *Dismissal of Appeal.* — *Attorney and Client.* — Where, pending a suit for a receiver, the tangible property of a corporation was sold for enough to pay the debts of such corporation, which sale the court refused to disturb, but appointed a receiver for the intangible assets thereof, who, after the petitioner had appealed, collected money and upon the request of petitioner's attorney paid such attorney for his services in prosecuting such cause, such appeal will be dismissed, such payment being a discharge of at least a part of petitioner's indebtedness to such attorney.

From Superior Court of Marion County (67,077); *James M. Leathers,* Judge.

Suit by Alexander W. Thomson against the Midland Portland Cement Company and others. From an order confirming a sale of certain property by defendant receiver, plaintiff appeals. *Appeal dismissed.*

*William Bosson* and *Elliott, Elliott & Littleton,* for appellant.

*Smith, Duncan, Hornbrook & Smith* and *Louis Newberger,* for appellees.

Wiley, J.—Appellees have interposed a motion to dismiss the appeal, on the ground "that the appellant, through his counsel, has claimed and received certain benefits arising under the decree as entered in the court below, and that, having done so, he can not now assert that there was error in the decree."

A brief statement of the facts upon which the appeal is based is important before taking up the question for decision presented by the motion. In the court below appellant sought the appointment of a receiver for all of the

assets, both tangible and intangible, of the Midland Portland Cement Company. Pending the litigation the tangible assets of the company were sold at a price equivalent to its entire indebtedness. The court refused to disturb this sale, but did appoint a receiver for the intangible assets, which consisted of certain claims against officers, directors, and others. It is shown by the motion to dismiss that subsequently to the submission of this cause the receiver came into possession of about $3,000 in cash, as proceeds from such intangible assets; that thereafter counsel for appellant, both in the court below and on appeal, filed his petition in the court below, showing that appellant had employed him to institute proceedings against the Midland Portland Cement Company for a receiver, etc.; that such proceedings were had that the Union Trust Company was appointed receiver of certain intangible assets of the cement company; that a reasonable fee for the services rendered in said action by said attorney would be $1,000; that thereafter the court entered an order allowing to said attorney the sum of $250 on account of his services in said action, and directed the receiver to pay said sum to him out of the funds in his hands. Such payment was made.

It would seem from the record, and as disclosed by the motion, that appellant does not complain of the action of the court below in appointing a receiver for the intangible assets, but he is asking a reversal of the judgment because of the action of the court in refusing to appoint a receiver for the tangible assets. Under these facts can appellant receive benefits growing out of that part of the decree which is favorable to him, and at the same time prosecute an appeal in which he seeks a reversal of that part of the decree which is unfavorable to him? If he can, then the motion is not well taken; otherwise, it must be sustained.

Section 644 Burns 1901, §632 R. S. 1881, provides: "The party obtaining judgment shall not take an appeal after receiving any money paid or collected thereon." This statutory provision has been enforced in many cases.

In *Sterne* v. *Vert* (1886), 108 Ind. 232, the suit was to foreclose a mortgage covering three parcels of ground. As to two of the parcels there was no controversy, but as to the third, it was contended that the property was held by husband and wife by entireties, that the debt, to secure which the mortgage was given, was the debt of the husband, and therefore as to the third parcel of land it was invalid. The trial court held that the mortgage was valid upon two of the tracts, and invalid as to the third. Appellant proceeded to have the two tracts sold under a decree, became the purchaser himself at sheriff's sale, and appealed from that portion of the decree declaring the mortgage invalid as to the third tract. Appellees pleaded in bar the action of the appellant in proceeding under the decree to sell the other two tracts. The court said: "It thus appears that after electing to use the alleged erroneous judgment and decree of the court, in selling two tracts of land therein described, the appellant is prosecuting an appeal to this court, seeking a reversal of the decree as to the other tract. This can not be done."

In the case of *McGrew* v. *Grayston* (1896), 144 Ind. 165, it was held that a defendant in a partition proceeding, who has sold the premises allotted to him under the judgment, is estopped from maintaining an appeal from such judgment. In that case the court said: "The right of appeal, though conferred by statute, may be forfeited and waived in many ways. It is an established principle of law that a party can not prosecute an appeal and thereby seek to reverse a judgment, the benefits of which he has accepted voluntarily and knowing the facts. After such acceptance, he is estopped to reverse the judgment on error, and the same may be treated as a release of errors. * * * This rule is founded on the principle that a party in a court of justice will not be allowed to acquire advantages by assuming inconsistent positions." To the same effect is the case of *Sonntag* v. *Klee* (1897), 148 Ind. 536.

In *Williams* v. *Richards* (1899), 152 Ind. 528, the court said: "A party may not accept a benefit based on the legality of an adjudication and thereafter be heard to complain that it is erroneous. * * * This appeal is from the decree as an entirety. Appellants may not act upon part and resist the residue. * * * The firm's assets were taken into the custody of the court. By virtue of the court's decree the business has been carried on, and appellants, while prosecuting this appeal, have been receiving moneys under the decree divided in proportions fixed by the decree. These benefits accrued to appellants, not by the contract, but by the court's action upon their breach of the contract."

The case of *McCracken* v. *Cabel* (1889), 120 Ind. 266, was a proceeding to condemn land belonging to appellant, and the damages awarded to him by the jury were $320.45. Appellees paid this sum into court. Appellant's attorneys of record filed a lien on the judgment for $150 for their fees in obtaining the same, and collected from the clerk said sum. Subsequently an appeal was taken, and appellant moved to dismiss it. It was held that appellant was bound by the acts of his attorneys, and that by their act in the collection of their fees appellant thereby received money upon the judgment which he sought to reverse, and that, for that reason, the appeal should be dismissed.

In *Raborn* v. *Woods* (1904), 33 Ind. App. 171, this court held that in an ejectment proceeding, where the appellant took possession of that portion of the land awarded him, and continued to hold it, exercising acts of ownership over it, appropriating to his own use the rents and profits arising therefrom, he could not thereafter maintain an appeal. In that case appellant sought a reversal of the decree which awarded to appellees other parts of the land, and it was held that he could not accept the benefits accruing to him under the decree, and appeal from that part of it which was against him.

In *Rariden* v. *Rariden* (1904), 33 Ind. App. 284, 104 Am. St. 252, it was held that after an appeal by the defendant in a divorce proceeding, whereby it was sought to reverse the decree fixing the amount of alimony, the appellant in the meantime having remarried, the appeal should be dismissed.

In *Cronkhite* v. *Evans-Snider-Buel Co.* (1897), 6 Kan. App. 173, 51 Pac. 295, it was held that the acts of a regularly employed attorney of record for the plaintiff, within the apparent scope of his authority, are in law the acts of the plaintiff, unless the parties with whom he deals have notice, or the files of the case show that his authority has been revoked. In that case a judgment for costs in favor of the appellant was entered, and such costs were paid immediately into court. The attorney of record receipted for a part thereof, and it was held that as appellant accepted, through his attorney, a substantial part of the benefits of the judgment, he could not afterwards successfully prosecute an appeal for reversal. See, also, *Carll* v. *Oakley* (1884), 97 N. Y. 633.

A client is primarily liable to his attorney for services rendered under his employment. Under the decree in this case, by virtue of the appointment of a receiver for the intangible assets of the insolvent corporation, there came into the hands of the receiver money belonging to the trust it was administering. If no funds or assets belonging to the trust had come into the hands of the receiver, appellant nevertheless would have been liable to his attorney for all services rendered. It necessarily follows that when appellant's attorney went into court and asked, was allowed and paid a sum of money as and for his fees, the payment to the extent of it discharged appellant's obligation. This brings the case within the spirit of the statute and the authorities above cited.

The appeal is dismissed.