## BEARD ET AL. *v.* HOSIER ET AL.

[No. 9,164. Filed January 27, 1915.]

1. APPEAL.—*Right of Appeal.—Waiver.—Assignment of Judgment.* —Where plaintiff assigned all that portion of a judgment rendered in his favor, his right to thereafter appeal was waived, since the appeal must of necessity be from the whole judgment as rendered. p. 17.

2. APPEAL.—*Parties.—Assignee of Judgment.—Right of Appeal.*— A bank, not a party to the action, to whom plaintiff assigned that portion of the judgment which was favorable to him, could not prosecute an appeal from the judgment rendered; nor could

it have done so, had it properly been made a party, where it had caused an execution to be issued and the judgment to be collected. p. 18.

From Starke Circuit Court; *Francis J. Vurpillat,* Judge.

Action by Clarence H. Beard against Isaiah Hosier and another. From the judgment rendered, the plaintiff and the assignee of his rights thereunder appeal. *Appeal dismissed.*

*Holtzman & Coleman, Horner & Thompson* and *W. Gage Hoag,* for appellants.

*William M. Anderson, Owen W. Dickey, James A. Dilts* and *W. C. Pentecost,* for appellees.

FELT, J.—This case was appealed to the Supreme Court and was transferred to this court for want of jurisdiction. Appellees have filed a motion to dismiss the appeal and allege numerous reasons why the motion should be sustained.

From the record, the motion to dismiss and the answer of appellants to the motion, we find undisputed facts as follows: Appellant, Clarence H. Beard, brought suit against appellees to recover on two certain promissory notes, one alleged to have been executed by Isaiah Hosier, and Elizabeth Hosier for $6,662 and one for $1,000 alleged to have been executed by Isaiah Hosier, all secured by mortgage on certain real estate, which had previously been conveyed to said Hosiers by Clarence H. Beard and wife by warranty deed. Prayer for judgment on the notes and for foreclosure of the mortgage. The suit was begun in the Pulaski Circuit Court and by change of venue was taken to Starke County for trial.

It was alleged that the notes had become due by failure to pay an installment of interest when due according to the provisions of the mortgage. Issues were formed on the complaint and on a cross-complaint filed by appellees. Among the issues presented by the cross-complaint were those of mutual mistake in the mortgage, and of fraud in the procure-

ment of the note for $1,000, and the mortgage securing it. Appellees moved that Mary E. Beard, wife of appellant, be made a party defendant, on the ground that she was a necessary party to a full determination of all the issues, which involved among other things a demand for a reconveyance of certain real estate by appellant, Beard and wife to appellees. The motion was sustained and Mary E. Beard was duly summoned to appear to the cross-complaint. The record also shows that she appeared thereto by attorneys and filed answer in general denial.

The trial resulted in a judgment for appellees against Clarence H. Beard for $206.09 the amount of an unpaid ditch assessment which was ordered placed as a credit on the larger note aforesaid. The court also rendered judgment in favor of Clarence H. Beard for $426.08, which was made up of unpaid interest due him and of his attorney's fees. It was also adjudged that said note for $1,000 was invalid and should be canceled. The mortgage was also found and adjudged to be invalid and the clerk of the court was ordered to satisfy the same on the record.

The judgment was rendered on November 14, 1913. On December 8, 1913, Clarence H. Beard assigned said judgment to the Continental National Bank. On December 12, 1913, said Beard filed a motion to modify the judgment, and a motion for a new trial. On January 15, 1914, said motions were overruled, and Clarence H. Beard prayed and was granted an appeal to the Supreme Court, on the filing within twenty days of an appeal bond in the sum of $1,000, with the American Surety Company of New York as surety.

On February 11, 1914, an appeal bond in the sum of $500 was filed with the clerk of the circuit court, signed by Clarence H. Beard, The Continental National Bank and the American Surety Company of New York. The bond states that Clarence H. Beard and The Continental National Bank of Indianapolis, assignee of Clarence H. Beard, "have taken an appeal to the Supreme Court of Indiana", from said

judgment, and recites the fact and date of the assignment of said judgment as aforesaid.

The record nowhere shows that said bank asked to be made a party to the suit or appeal, nor that it was made a party thereto. A notice of appeal signed by "Clarence H. Beard and Continental National Bank of Indianapolis, assignee, by Holtzman and Coleman and Horner and Thompson, attorneys for plaintiff" was served upon and acknowledged by appellees' attorneys on March 20, 1914. The title of the cause in the notice was the same as it had been throughout the proceedings and the name of the bank did not appear therein.

The motion also shows that on January 20, 1914, appellants, Beard and the bank, by their attorneys, Holtzman and Coleman and Horner and Thompson, by written precipe directed the clerk of the Pulaski Circuit Court to issue an execution to the sheriff of said county for the collection of said judgment; that execution was issued and levy was threatened, and to save their property from sale to satisfy said judgment, appellees on January 31, 1914, paid to the clerk of said court the sum of $431.54 in full satisfaction of said judgment, and the clerk thereupon entered satisfaction of said judgment in full on the order book where the same was entered of record. In their reply to the motion to dismiss the appeal appellants "admit that a precipe for an execution was filed in the court below, under misapprehension of what the judgment of the court was" and that the money had been paid to the clerk, but deny that they or either of them have received any part of the same from the clerk.

Appellant, Clarence H. Beard, by the assignment of the judgment accepted the benefit of that part of the judgment that was favorable to him. The appeal, of necessity,

1. is from the whole decree as rendered, and having availed himself of the benefits of that part of the

judgment favorable to him, it follows from our statute, and the principles of the common law as well, that he had no right of appeal after he executed the assignment of the judgment to the bank as aforesaid. §671 Burns 1914, §632 R. S. 1881; *Sterne* v. *Vert* (1886), 108 Ind. 232, 234, 9 N. E. 127; *Maiben* v. *Manlove* (1911), 48 Ind. App. 617, 622, 96 N. E. 501; *Williams* v. *Richards* (1899), 152 Ind. 528, 53 N. E. 765; *Sonntag* v. *Klee* (1897), 148 Ind. 536, 47 N. E. 962; *Ewing* v. *Ewing* (1903), 161 Ind. 484, 69 N. E. 156; *McGrew* v. *Grayston* (1896), 144 Ind. 165, 167, 41 N. E. 1027; *Thomson* v. *Midland, etc., Cement Co.* (1906), 37 Ind. App. 459, 460, 77 N. E. 299; *Rariden* v. *Rariden* (1904), 33 Ind. App. 284, 287, 70 N. E. 398, 104 Am. St. 252; *Raborn* v. *Woods* (1904), 33 Ind. App. 171, 70 N. E. 399.

No one prayed an appeal but appellant, Beard. The only appeal granted was to him and that was after he had ceased to have any right of appeal by virtue of his assignment of the judgment. The record discloses no suggestion to the court that such assignment had been made, nor does it show any attempt to have the bank made a party to the suit. We need not, therefore, decide whether the bank might have been made a party, by substitution or otherwise, and then have taken an appeal. The declaration in the bond and the signing of the bond by the bank did not make the bank a party to the suit nor give it any right of appeal. The bank only assumed to buy, and appellant, Beard, to assign the part of the judgment which was favorable to him. He assigned "all my interest in and to the judgment heretofore rendered in the above entitled cause in my favor." Under the authorities above cited, the appeal must be from the whole decree as an entirety. The bank only assumed to buy the part of the judgment favorable to appellant, Beard, and if it were a party to the suit it could not appeal from the part which was against Beard and retain the benefit of the part which was in his favor. In *Williams* v. *Richards, supra,* the court said: "Appellants may

not act upon part and resist the residue.'' Furthermore, it appears that appellants by their counsel ordered an execution issued and caused the judgment to be collected.

It is stated that the precipe was ordered under a misapprehension as to what the judgment was, but it is not claimed that appellees were in any way responsible for such misapprehension, nor is the ground of the alleged misapprehension, if any there was, revealed. The judgment was on record and so far as anything is shown here, appellants voluntarily caused the execution to issue, and appellees paid the judgment to prevent the levy of the execution on their property. The money was paid to an officer authorized to receive the same and the judgment was duly and legally satisfied, on January 31, 1914, long before the transcript was filed in this court. If the bank had been a party to the suit, and had a right of appeal, we should be compelled to hold that it had waived its right to an appeal, by electing to enforce the judgment as rendered, which it could not do and at the same time prosecute an appeal, for the reason that such acts involve utterly inconsistent positions, the one affirming, and the other denying the validity of the judgment. *Sterne* v. *Vert, supra; Monnett* v. *Hemphill* (1887), 110 Ind. 299, 11 N. E. 230; *Mutual Benefit Life Ins. Co.* v. *Simpson* (1904), 163 Ind. 10, 71 N. E. 131; *Holman* v. *Stannard* (1895), 14 Ind. App 146, 42 N. E. 645; *Seigel* v. *Metzger* (1890), 1 Ind. App. 367, 27 N. E. 647; 2 Cyc. 651 *et seq.; McKain* v. *Mullen* (1909), 29 L. R. A. (N. S.) 4 note b-1; *Knapp* v. *Brown* (1871), 45 N. Y. 207; *Hay* v. *Jenkins* (1868), 28 Md. 564.; *Jarvis* v. *Mitchell* (1868), 99 Mass. 530; *Fly* v. *Bailey* (1871), 36 Tex. 119; *May* v. *Sharp* (1875), 49 Ala. 140; *Reichelt* v. *Seal* (1888), 76 Iowa 275, 41 N. W. 16; *Waddingham* v. *Waddingham* (1887), 27 Mo. App. 596. For reasons already stated the appeal is dismissed.

NOTE.—Reported in 107 N. E. 558. As to waiver of right of appeal, see 13 Am. Dec. 546. See, also, under (1) 2. Cyc. 644; (2) 2 Cyc. 652.