Evans et al. v. Seevers. .

[No. 9,154. Filed February 18, 1916. Rehearing denied May 12, 1916.]

Appeal.—*Dismissal.*—*Accepting Benefits of Judgment.*—Where a judgment quieted title in favor of appellee subject to a lien for the support of appellant's codefendant and cancelled a deed from the codefendant to the appellant, in which the codefendant had reserved a life estate, an agreement for compensation to appellant by the appellee for the support of the codefendant, and the acceptance by appellant of payments under the agreement, came within the spirit of §671 Burns 1914, §632 R. S. 1881, providing that the party obtaining judgment shall not take an appeal after receiving any money paid or collected thereon, and necessitated a dismissal of the appeal.

From Gibson Circuit Court; *A. P. Twineham,* Special Judge.

Action by Gussie Seevers, by his next friend William E. Williams, against Lula Fay Evans and another. From a judgment for plaintiff, the defendant Lula Fay Evans appeals. *Appeal dismissed.*

*Union W. Youngblood, W. C. Mason* and *Elbert M. Swan,* for appellant.

*Lindsey & Bock,* for appellee.

Hottel, J.—This is an appeal from a judgment in appellee's favor in a suit brought by him in the court below against appellants to quiet title to certain real estate and also to have set aside a deed to the same real estate made by the appellant Margaret Vincent to her coappellant Lula Fay Evans. Margaret Vincent did not orginally assign error in this court. Later her guardian (appointed since the judgment below was rendered) filed a petition asking to assign error. Thereafter, and before such petition was acted on by this court, the guardian filed his written request asking to withdraw his petition and in his request expressed satisfaction with the judgment below, and a desire

not to involve the estate of his ward in the costs of an appeal. This request of the guardian was granted. Lula Fay Evans is therefore the only active appellant in this case and will hereinafter be referred to as appellant. Gussie Seevers, hereinafter referred to as appellee, is a minor and prosecuted this action by next friend. He is also under guardianship, the name of his guardian being William E. Williams. By the averments of his complaint, appellee showed that the land to which he sought to have his title quieted was charged with the maintenance and support of said Margaret Vincent, who is his grandmother, and that she, in her deed to appellant, who is also her grandchild, reserved to herself a life estate in said real estate.

Appellee has filed in this court a verified "answer in bar to assignment of errors and motion to dismiss appeal". It will be necessary to an understanding of such answer and motion to set out the judgment from which the appeal is taken, and an agreement between appellant and appellee's guardian entered into by them since the submission of this appeal to this court. The judgment is as follows: "It is * * * adjudged and decreed by the court that the plaintiff Gussie Seevers is the owner in fee simple of the following described real estate situate in Warrick County, State of Indiana, to wit: (setting out description of real estate). And that his title in and to said real estate is hereby quieted and forever set at rest as against the claim of Lula Fay Evans. * * * That the title of the plaintiff, Gussie Seevers, in and to said real estate, be quieted and forever set at rest as against the claim of the defendant Margaret Vincent, except so far as the same may be necessary to secure to said defendant Margaret Vincent provision for her reasonable support and

maintenance for and during her natural life. * * * That the deed from the defendant Margaret Vincent to the defendant Lula Fay Evans, dated February 27, 1912, wherein the defendant Margaret Vincent undertook to convey to the defendant Lula Fay Evans said real estate herein described, be, and the same is hereby declared null and void and of no force and effect whatever. * * * That the above described real estate be and same is hereby charged with the reasonable support and maintenance of the defendant Margaret Vincent for and during her natural life, and the same is hereby declared to be a lien and charge on said real estate to secure said support and maintenance. * * * That the plaintiff Gussie Seevers recover of and from the defendant Lula Fay Evans his costs herein laid out and expended." Said agreement is as follows:

"Articles of Agreement entered into this 15th day of October, 1915, between William E. Williams, guardian of Gussie Seevers, party of the first part and Lula Fay Evans party of the second part, witnesseth: That whereas, on the 22d day of June, 1914, in a certain action then pending in the Gibson Circuit Court of Indiana, entitled 'Gussie Seevers by his next friend, William E. Williams against Margaret Vincent and Lula Fay Evans,' the Gibson Circuit Court of Indiana rendered judgment, by virtue of which the said Margaret Vincent was adjudged to be entitled to reasonable support and maintenance for and during her natural life from the proceeds of the real estate therein described, a copy of which judgment is attached thereto marked 'Exhibit A' and made a part hereof, and Whereas, William E. Williams is now, and has been continuously for more than three years last past, guardian of the said Gussie Seevers, and as such guardian has under his control the

management of the real estate described in said judgment; and whereas, the said Margaret Vincent named in said judgment is now more than eighty-five years of age and in feeble health and needs considerable care and attention and some clothing; and whereas, she is now, and has been for more than three years last past, living with the said Lula Fay Evans, her granddaughter; and whereas, the said Lula Fay Evans is willing to furnish to the said Margaret Vincent board and clothing and necessary attention at and for the price of $5.50 per week, payable weekly and the said William E. Williams as guardian of the said Gussie Seevers believes that said $5.50 per week is a reasonable charge for the services to be rendered; Now therefore the party of the first part agrees to pay to the party of the second part the sum of $5.50 per week, payable each and every Saturday beginning October 23rd, 1915, to and including the last Saturday in March, 1916, and the said Lula Fay Evans agrees in consideration of the payment to her of said sum of money to furnish to the said Margaret Vincent, board and clothes and to give her whatever care and attention is necessary for the period of time above specified. It is expressly agreed and understood by the parties hereto that if the said Margaret Vincent becomes helpless and confined to her bed continuously for more tahn one week at a time under the care of a physician, that the party of the first part is to pay to the party of the second part in addition to the above amount a reasonable sum for the extra care and trouble to which the party of the second part may be put by reason of such sick and helpless condition of the said Margaret Vincent, the party of the first part reserving the right to have the said Margaret Vincent examined by a reputable physician in the event of a dispute arising between the parties hereto, as to the condi-

tion of the health of the said Margaret Vincent. In testimony whereof the parties have hereunto set their hands and seals this 15th day of October, 1915. William E. Williams, Guardian, Party of the first part, Lula Fay Evans, Party of the second part. Attest: Thos. W. Lindsey, Union W. Youngblood."

Appellee's verified answer in bar sets out the judgment and agreement, *supra*, and alleges acceptance and partial performance of the agreement by both appellant and appellee's guardian in that under and pursuant to such agreement such guardian paid and appellant accepted payment at the end of each week the weekly allowance for the support and maintenance of Margaret Vincent. Copies of appellant's respective receipts for such payments are filed with and made part of said answer. There are six of these receipts all of which are in substantially, if not identically the same words, except as to date. The first is as follows:

"Booneville, Ind., Oct. 23, 1915. Received of William E. Williams, Guardian of Gussie Seevers for the week ending today, the sum of Five and 50/100 ($5.50) Dollars for care and support of Margaret Vincent, judgment defendant in a certain action wherein Gussie Seevers by his next friend William E. Williams, was plaintiff and Magaret Vincent and Lula Fay Evans were defendants, in which action judgment was rendered by the Gibson Circuit Court of Indiana on the 22nd day of June, 1914, and by virtue of which judgment said guardian and myself entered into a written contract on the 15th day of October, 1915, for the care and support of the said Margaret Vincent. Lula Fay Evans."

It is contended by appellee, in effect, that the facts set out in such answer show that appellant

has accepted and received benefits under the judgment appealed from; that she has acquiesced in such judgment, recognized its validity and estopped herself from further prosecuting her appeal, and hence that her appeal should be dismissed. To appellee's said answer in bar, appellant has filed her verified reply and motion to reject and strike appellee's answer in bar from the files, and to reverse the judgment below because of confessed error resulting from appellee's failure to file briefs on assignment of error as provided by the rules of the court. This reply and motion is too lengthy to set out in full. Its averments material to the question to be determined are, in brief, substantially as follows: Appellee's time for filing his brief herein on the assignment of errors expired about April 18, 1915, and he has never filed such briefs or obtained any extension of time for the filing thereof; that appellant's appeal herein is in good faith; that she has never intended to and has not in fact recognized the validity of the judgment from which the appeal is taken, but has always intended to deny its validity and prosecute her appeal to final judgment; that she never at any time demanded any money from appellee, Gussie Seevers, or from his guardian or next friend or from any one representing either of them; that on October 15, 1915, Thomas W. Lindsey appellee's attorney, met appellant at the law office of her attorney, U. W. Youngblood, and there proposed that she enter into a contract with appellee's guardian William E. Williams to care for, support and furnish clothing to the appellant Margaret Vincent; that this was the first intimation or suggestion that she had of such an agreement; that said Lindsey represented to her that they desired to contract directly with her to care for and support said

Margaret instead of furnishing funds for that purpose to the guardian of said Margaret in order to save the costs and expense of double guardianship; that she finally consented to enter into said contract; that she has never received from appellee or any one representing him anything except for services rendered in caring for and boarding and clothing said Margaret, and has never received any benefit flowing or inuring to her under and by reason of said judgment; that the receipts filed with appellee's answer in bar were prepared either by appellee's attorney or by his guardian who is also an attorney and she executed the same without her attorney seeing them, then believing and now believing that by accepting the money and so receipting therefor she in no way recognized the validity of said judgment; that by so doing she had no intention of recognizing the validity thereof; that the deed under which appellant claimed the land in dispute and made part of such reply reserved to Margaret Vincent a life estate in said real estate and that said Margaret's right to support and maintenance has never been involved in this litigation, but is recognized in the judgment appealed from and also in the deed under which appellant claims title to the real estate involved. The reply closes with eight separate reasons why the answer in bar should be rejected and stricken from the files, which we need not set out. To this reply appellee's attorney, Thomas W. Lindsey, filed a lengthy affidavit, the substance of the material part thereof being to the following effect, viz., for the last three or four years Margaret Vincent has made her home with appellant and since July 1, 1914, has been under guardianship. Such guardian after his appointment employed appellant to provide for, care and nurse said

Margaret. Sometime about October, 1915, the funds in the hands of such guardian were exhausted or nearly so and appellant was so advised. Union W. Youngblood, who is appellant's attorney in this appeal, was consulted, and through him said guardian filed a petition in the Warrick Circuit Court wherein he set up the judgment obtained in the Gibson Circuit Court which is herein appealed from, and alleged that on account thereof the said Margaret had a lien for her support and maintenance on the land described in said petition (being the same land described in said judgment). Said petitioner also alleged that such guardian was in need of funds with which to provide for the support and maintenance of said Margaret and asked an order to sell such real estate, or so much thereof as was necessary to raise the sum of $500 for such purpose. Upon the filing of such petition, affiant, as attorney for appellee conferred with said Youngblood, said guardian's attorney, (and also appellant's attorney herein) and suggested that no suit was necessary to require appellee to comply with said judgment as appellee was satisfied therewith and willing to furnish the care, support, etc., as therein provided, and it was then agreed between affiant, as appellee's attorney and said Youngblood, attorney for said guardian, that affiant should meet appellant at the office of her attorney, said Youngblood, on October 15, 1915, for the purpose of arriving at an agreement between appellant and appellee's guardian. Pursuant to this arrangement, affiant and appellant met at said office where they, in the presence of said Union W. Youngblood and his partner Nat. L. Youngblood, verbally agreed upon a contract for the support and maintenance of said Margaret, and by agreement of said attorneys, affiant then retired from said office and

prepared in duplicate such contract and again returned to said office therewith, when said Union W. Youngblood read such contract aloud to appellant and advised appellant that it was all right, after which the appellant and appellee's guardian signed the same, and said contract was then witnessed by said Union W. Youngblood and affiant. The contract there prepared and signed is the same as the copy of the contract made part of appellee's answer in bar herein. After such contract was signed, viz., either at the October or December term of court following, said attorneys Youngblood and Youngblood, representing the guardian of said Margaret, dismissed said petition to sell said real estate. Affiant does not file a copy of said petition with his affidavit because the same could not be found. Affiant never at any time undertook to deceive, defraud or mislead appellant, and never at any time talked with her except in the presence and hearing of her attorneys.

It will be observed that appellant does not question the execution of the agreement or the receipts relied on by appellee, nor does she deny the several payments by appellee's guardian to her, or the acceptance by her, of the weekly allowance provided for in said agreement. The fact that said receipts were procured from appellant in the absence of her attorneys is not of controlling influence. Said agreement was talked over with her in the office of her attorneys and had their approval before it was signed by her, and the receipts show no more than a payment and receipt of payment of the amount provided for in such agreement, according to the terms thereof. The undisputed facts show that no advantage was taken of appellant, or fraud practiced on her in procuring the execution of the agreement or re-

ceipts. The question which we must determine, therefore, is whether the appellant, by entering into the agreement and accepting the payments therein provided for the support and maintenance of her grandmother, thereby accepted the benefits of the judgment appealed from, or recognized the validity of such judgment and thereby waived her right to prosecute her appeal further. This question is controlled by §671 Burns 1914, §632 R. S. 1881, and the decisions construing the same. Said section provides in part as follows: "The party obtaining judgment shall not take an appeal after receiving any money paid or collected thereon."

The provisions of the judgment here involved do not extend to appellant, herself, any benefits, and for this reason it would seem that appellant could not accept benefits thereunder within the meaning of the statute, *supra*, if technically construed. Such conclusion, however, has no support if such statute be interpreted according to its spirit and the reason for its enactment and in the light of the decisions construing it. The theory of appellee in his complaint and throughout the trial of the case was that he is entitled to the real estate involved, subject to a lien thereon for the support and maintenance of his grandmother, and such was the effect of the finding and judgment of the trial court. Appellant's deed to the real estate likewise reserved a life estate therein in favor of the grandmother. Upon these facts appellant bases a contention that the right of the grandmother to her care and support out of the real estate was conceded and is not involved in the appeal, and hence that the contract entered into between appellant and appellee's guardian was separate, distinct and apart from the issues involved in the appeal. We can not agree

with this contention.  There is a material differ-
ence between the effect of a deed which reserves
to the grantor a life estate in the real estate con-
veyed and a judgment which charges the same
real estate with the support and maintenance of such
grantor and declares a lien on such real estate for
such support and maintenance.  In the latter
case the real estate may be sold, if necessary, to
discharge such lien.  Indeed, it appears in the
instant case that the agreement relied on by appellee
was made because of the proceedings filed in
court to sell the real estate here involved to satisfy
the lien declared thereon for the maintenance
and support of appellant's coappellant.  It fol-
lows from what we have indicated as disclosed
by the undisputed facts shown by the agreement,
receipts and affidavits, *supra*, that appellant and
her attorneys knew when she entered into the
agreement with appellee's guardian that Margaret
Vincent and her property were primarily liable
for her care and support and that appellee's liability
therefor, if it existed, resulted from the fact that
the judgment from which appellant had appealed
and which was made part of the agreement, pro-
vided that the land in controversy should be
charged with the care and support of said Mar-
garet, and that appellee's title was quieted thereto
subject to a lien for such support and maintenance.
It also follows, we think, that appellant must be
charged with knowing that by agreeing to accept
and afterwards accepting from appellee's guardian
pay for such care and support, she recognized the
validity of such judgment in so far as it fixed upon
appellee the duty of supporting his grandmother,
as a condition to the perfecting of his title to the
real estate, and she knew and recognized that
appellee's guardian was paying for such support

because he was by the terms of such judgment required to do so in order to free his ward's land from the lien of such support and maintenance and to prevent the sale of said real estate or some part thereof to satisfy such lien.

Under the authorities, this explicit recognition of the validity of said judgment would alone be sufficient to operate as a waiver by appellant of her right to prosecute her appeal further, because such recognition of the validity of the judgment is wholly inconsistent with her effort to have it declared invalid. 3 C. J. 669; *Williams* v. *Richards* (1899), 152 Ind. 528, 53 N. E. 765, and cases cited; *Ewing* v. *Ewing* (1903), 161 Ind. 484, 69 N. E. 156; *Beard* v. *Hosier* (1915), 58 Ind. App. 14, 18, 19, 107 N. E. 558, and cases cited; *Thompson* v. *Midland, etc., Cement Co.* (1906), 37 Ind. App. 459, 77 N. E. 299; *Sonntag* v. *Klee* (1897), 148 Ind. 536, 47 N. E. 962. Ewbank's Manual (2d ed.) §§112, 112a, 227 and cases cited in notes. There are other reasons why the showing here made brings the case at least within the spirit of the statute, *supra*, and the decided cases. While such judgment does not extend to appellant herself any benefits, it does extend to her coappellant the benefit of a lien for her maintenance and support on the land involved therein.

As before stated, appellant's coappellant, Margaret Vincent, is not prosecuting this appeal, but if she were and after appealing had accepted her support and maintenance from appellee under an agreement like, or similar to, that entered into by appellant, we apprehend that it would not be disputed that she had thereby accepted the benefits of the judgment appealed from and hence estopped herself from further prosecuting her appeal. So too, if it had been shown that appellant had in-

duced or procured her coappellant to accept her support and maintenance from appellee under and pursuant to the terms of said judgment, appellant would be estopped thereby from further prosecuting her appeal. Can it be said that appellant has taken herself outside of the spirit and scope of the statute, *supra*, simply because she herself procured from appellee for her coappellant and indirectly for herself, all the benefits which such judgment gives her coappellant? It seems to us that the question furnishes its own answer.

Under the undisputed facts here presented appellant is in no position to claim either that she has not received any benefit under the judgment, or that she has not recognized its validity. Furthermore, upon the strength of appellant's recognition of the validity of such judgment, appellee has paid her for the maintenance and support of her coappellant and thus, to this extent, performed the obligation imposed on him by such judgment. Appellant has therefore taken from the appellee and caused him to do that which otherwise he would not have given or done and that which she had no right to take or cause him to do, except on the condition that she intended to abandon her appeal, and allow the judgment which she recognized as valid to stand; and hence she has estopped herself from further prosecuting the appeal. For the reasons indicated, we are of the opinion that the instant case has in appellee's favor practically all the elements contemplated by the statute, *supra*, as interpreted and construed by the decisions of both courts of our State. See cases cited, *supra*; 3 C. J. 679-686; Ewbank's Manual (2d ed.) §§112, 112a, 227 and cases cited in notes. The appeal is therefore dismissed.

Note.—Reported in 111 N. E. 438.