## H. B. CRONKHITE v. THE EVANS-SNIDER-BUEL COMPANY.

### No. 283.

1. ATTORNEY OF RECORD—*acts of, within apparent authority, are acts of client unless parties have notice to contrary.* The acts of a regularly employed attorney of record for the plaintiff, in an action pending in the courts of this State, within the apparent scope of his authority, are in law the acts of the plaintiff, unless the parties with whom he deals have notice, or the files of the case show, that his authority has been revoked.

2. APPELLATE PROCEDURE—*party accepting benefits of judgment cannot prosecute error to reverse it.* A litigant who accepts any substantial part of the benefits of a judgment cannot afterwards prosecute a proceeding in error to reverse the same.

Error from Wyandotte Court of Common Pleas. Hon. T. P. Anderson, Judge. Opinion filed December 18, 1897. *Dismissed.*

*Smith & Smith* and *H. B. Cronkhite*, for plaintiff in error.

*Miller & Morse*, for defendant in error.

174    CRONKHITE v. EVANS, ETC., CO.

N. Dept.            Opinion.   Wells, J.            6 Kan. App.

WELLS, J. The first thing requiring our attention, is the motion of the defendant in error to dismiss these proceedings for the reason that the plaintiff in error has voluntarily accepted the benefits of the judgment of the court below, and is, therefore, estopped from prosecuting error to reverse the same.

It appears from the record and the evidence offered that, on June 17, 1893, judgment was rendered for the plaintiff in error and against the defendant in error for costs, amounting to $62.15, which was immediately paid into court. On June 24, J. A. Smith, the attorney of record for the plaintiff in error, demanded, received, and receipted for $23.50, deposition fees due the plaintiff. On July 7, 1893, the same attorney demanded, received, and receipted for, five dollars and a half, another deposition fee due the plaintiff, and on January 25, 1894, he also demanded, received, and receipted for the balance of the money in the hands of the clerk belonging to the plaintiff, amounting to fifteen dollars, deposited by him as security for costs.

The plaintiff in error, in opposition to this motion, says, in substance, that soon after the rendition of the judgment he discharged his attorney, J. A. Smith, and that the money was drawn without his knowledge or consent and applied on Smith's fees for services in the case ; and that his rights should, therefore, not be prejudiced by Smith's conduct.

J. A. Smith, the attorney of record for the plaintiff in this case, who tried it in the court below, prepared and served the case-made and caused it to be settled by the judge after he had withdrawn two of the amounts mentioned ; he appeared in this court at its last term and orally argued this cause, and, finally, on November 27, 1897, filed a reply brief herein. Ac-

CRONKHITE v. EVANS, ETC., CO.        175

Dec. 18, 1897.        Opinion.  Wells, J.        E. Div.

cording to the claim of the plaintiff in error, Smith
was the attorney who began the case, and was his at-
torney up to the rendition of the judgment, and after-
wards was his attorney in the same case on July 31
and September 1, 1893, and on November 11 and 27,
1897, but was not his attorney on June 24 and July 7,
1893, nor on January 25, 1894; and no notice was ever
served upon any one of the termination of Smith's em-
ployment.    This playing fast and loose cannot be ap-
proved by this court.    Mr. Smith was the attorney of
record of the plaintiff in error in this case, and his
acts as such were the acts of his client, unless the par-
ties with whom he dealt had notice of the cessation of
his authority.    As was said by the Supreme Court
of Missouri :  "The attorney is the agent of the party
employing him, and in the court stands in his stead,
and any act of the attorney must necessarily be con-
sidered as the act of the client.    A different principle
would lead to endless confusion and difficulty in the
administration of justice."  *Gehrke v. Jod*, 59. Mo. 523.

That a party who accepts the benefits of a judg-
ment is estopped from prosecuting a proceeding to
review the same, has been decided so often by the
Supreme Court and by this court that it can be as-
sumed as the settled law on that question.    The
motion to dismiss this proceeding in error will be
sustained, and it is ordered dismissed at the costs of
the plaintiff in error.

McElroy, J., concurring.

Mahan, P. J., having been of counsel, not sitting.