WILLIAMS ET AL. v. RICHARDS.

[No. 18,889. Filed May 9, 1899.]

APPEAL.—*Estoppel.—Acceptance of Benefits.*—A party may not accept a benefit based on the legality of an adjudication, and thereafter maintain an appeal therefrom. *p. 530.*

SAME.—*Appointment of Receiver for Partnership.—Acceptance of Benefits Accrued Under Decree of Court.—Waiver of Right of Appeal.*—A partnership was to continue at the pleasure of the partners. The plaintiff, one of the partners, who by the terms of the articles of partnership had charge and management of the business, notified the defendants, the remaining members of the firm, that a continuance of the partnership was not agreeable to him, and later brought suit to declare the partnership dissolved. An interlocutory order was entered appointing a receiver who by order of court was directed to continue the business as a going concern. The final decree of the court declared the firm dissolved, and directed sale and distribution of the property. After rendition of such decree the several partners accepted from the receiver certain shares of assets giving receipts containing the recital "on account of distribution as per order of court." Defendants appealed from the decree as an entirety. *Held,* that the defendants, by the acceptance of their respective shares of assets, waived their right to appeal, since the money received accrued under the decree, and not under the partnership contract. *pp. 528-530.*

From the Marion Superior Court. *Dismissed.*

*F. Winter,* for appellants.

*C. W. Smith, J. S. Duncan, H. H. Hornbrook, A. P. Smith, B. K. Elliott* and *W. F. Elliott,* for appellee.

BAKER, J.—Richards, Williams, and Smith were partners in conducting a newspaper business under the name of The Indianapolis News Company. The contract contained provisions that "the partnership shall exist so long as its continu-

Williams *v.* Richards.

ance is agreeable to the several partners" and that "Richards shall have charge and management of the business department". Richards notified the others that the continuance of the partnership was not agreeable to him, and later brought this suit to declare the firm dissolved and to wind up the business. On application of Richards an interlocutory decree was entered appointing a receiver "to take forthwith into his possession all and singular the assets of every nature and description belonging to said firm, as well also the business of said partnership, and the same to hold, conduct and manage under such orders as this court may from time to time make in this cause". The receiver was directed further to continue the business as a going concern; to familiarize himself at once with the property, circulation, etc., so that he might impart just and correct information to "persons desirous of or contemplating bidding at any sale which may be hereafter ordered"; and to distribute amongst the parties from time to time such accumulation of profits as the parties might agree could properly be divided, and in case of their failure to agree, to report to the court, whereupon distribution would be made or withheld as the court should order. The final decree declared the firm dissolved, directed sale and final distribution in proportions determined by the court, and ordered that until sale and confirmation the receiver should continue the business in all respects as required by the interlocutory decree.

Appellee meets the assignment of errors with a verified answer in bar and motion to dismiss the appeal. From this it appears, and it is admitted by appellants, that since the rendition of the final decree the receiver has distributed amongst the parties in the proportions fixed in the decree over $16,000, and over $8,000 have been distributed since this record was filed; and that each party gave the receiver a receipt containing the recital "on account of distribution as per order of court".

VOL. 152—34

A party may not accept a benefit based on the legality of an adjudication and thereafter be heard to complain that it is erroneous. *Manlove* v. *State*, (Ind.) 53 N. E. 385; *Sonntag* v. *Klee*, 148 Ind. 536; *McGrew* v. *Grayston*, 144 Ind. 165, and cases cited; *Rouge* v. *Lafargue Bros. Co.*, 49 La. Ann. 998, 22 South. 190; *Carll* v. *Oakley*, 97 N. Y. 633; *Williams* v. *Williams*, 6 N. Dak. 269, 69 N. W. 47; *Cronkhite* v. *Evans, etc., Co.*, 6 Kan. App. 173, 51 Pac. 295; *Cook* v. *McComb*, 98 Wis. 526, 74 N. W. 353.

This appeal is from the decree as an entirety. Appellants may not act upon part and resist the residue. But they contend that they have not accepted any benefit that has its basis in the legality of the decree, that what they have accepted they received as their due under the partnership contract. By the contract each party had the right to end the partnership at will. After appellee notified appellants that the partnership was no longer agreeable to him, appellants were not entitled to a continuance of appellee's services in managing the business for their benefit. By the contract appellee had the charge and management of the business department of the newspaper. Appellants had no right to run the business, nor to have it continued for them. After appellee's notice, appellants' rights under the contract were to receive their proportionate share of a distribution upon an immediate winding up of the firm's affairs. To resist dissolution was a violation of their contract. The firm's assets were taken into the custody of the court. By virtue of the court's decree the business has been carried on, and appellants, while prosecuting this appeal, have been receiving moneys under the decree divided in proportions fixed by the decree. These benefits accrued to appellants, not by the contract, but by the court's action upon their breach of the contract. Appeal dismissed.