## MAIBEN v. MANLOVE ET AL.

[No. 7,991.  Filed November 16, 1911.]

1. APPEAL.—*Transcript.—Verity.*—A properly-prepared and duly-authenticated transcript imports verity.  p. 620.
2. APPEAL.—*Matters in Bar.—How Shown.*—Matters in bar of an appeal may be presented without formal pleadings, by a verified motion to dismiss, and such motion may be resisted by counter-affidavits.  p. 621.
3. APPEAL.—*Judgment.—Authority of Attorneys.—Contradicting.*— Where the record shows that attorneys represented defendant and settled his case, his affidavit that they were not authorized will not overthrow the record, where counter-affidavits, as convincing as defendant's, stated that such attorneys were authorized.  p. 621.
4. APPEAL.—*Judgment by Agreement.—Contradicting.—Estoppel.*— A judgment for possession and for damages for unlawful detention of real estate, further providing that "in pursuance of the agreement of the parties to this action * * * the writ of ejectment shall not issue under this judgment" until a certain time, affirmatively shows an agreement by the parties to the judgment, and the parties are estopped to prosecute an appeal therefrom after the benefits thereof have been accepted.  p. 621.

5. APPEAL.—*Dismissal.*— An appeal from a judgment by agreement will be dismissed.   p. 622.

From Cass Circuit Court; *John S. Lairy*, Judge.

Action by May Manlove and others against Walter Maiben. From a judgment for plaintiffs, defendant appeals. *Appeal dismissed.*

*Long, Yarlott & Souder*, for appellant.
*David D. Fickle* and *David C. Arthur*, for appellees.

FELT, P. J.—This was an action by appellees against appellant for possession of real estate, and for damages for the unlawful detention thereof. The answer was a general denial. On October 24, 1910, appellees obtained judgment for possession of the property—a storeroom in the city of Logansport, Indiana—and for $390 damages. The judgment is in the usual form, except the concluding part thereof, which is as follows: "It is further adjudged by the court, in pursuance of the agreement of the parties to this action, that the writ of ejectment shall not issue under this judgment until January 1, 1911."

The entry shows that the plaintiffs were present by Fickle & Arthur. their attorneys, and the defendant, by Lairy & Mahoney, his attorneys. On January 4, 1911, execution and a writ of ejectment were issued on the judgment. On January 5, 1911, appellant filed his motion for a new trial as of right, and tendered his undertaking, as by law required. On March 1, 1911, the court overruled the motion for a new trial as of right, and this appeal was prayed and granted.

The question now before us arises on appellee's verified motion to dismiss the appeal. The substance of the motion and the grounds for dismissal are as follows:   (1) That there was no actual trial below, and the judgment was taken by compromise and agreement of the parties; (2) that, in pursuance of the agreement, no execution or writ of ejectment was issued until January 4, 1911; (3) that appellant,

with full knowledge of the terms of said agreement and judgment, made payments thereon in the sum of $325, and remained in the possession of said premises, and continued to use them long after January 1, 1911; (4) that after the rendition of said judgment, and prior to January 1, 1911, appellant frequently asserted his knowledge of the provisions of said judgment, and of the time he was to give possession of the premises, and sought to negotiate a lease thereon from January 1, 1911, but was unable so to do; (5) that the appeal is not in good faith, but is solely for the purpose of enabling appellant to occupy the premises he could not lease.

The motion to dismiss is supported by the affidavit of David C. Arthur, one of the attorneys, and also by one of the appellees.

Appellant has filed his affidavit in opposition to the motion, the substance of which is that he held the premises in question by authority given him by the Logansport Drug Company, a corporation, which held a lease thereon; that some time after July 1, 1910, he learned that the action for possession had been filed; that no summons was served upon him; that said Logansport Drug Company, through its attorneys, Lairy & Mahoney, appeared to said action, and agreed to the judgment without his knowledge or consent; that he did not authorize the attorneys to act for him; that he made no payments on the judgment, but paid his rent to said company, which made any payments that were made on the judgment; that he did not know the judgment was rendered against him until after January 1, 1911; that he admits having conversations in October, November or December, 1910, with attorneys Lairy & Mahoney, with reference to his rights in and to the real estate, but denies any reference in such conversations to the judgment, or knowledge thereof by him at that time; and that his appeal is in good faith.

The affidavit of said Arthur shows that about July, 1910, he was informed by Moses B. Lairy that he was acting as

attorney for appellant, and he thereafter dealt with him as such attorney; that after the suit was filed, and before the judgment was rendered, appellant stated to said Arthur that Lairy & Mahoney were his attorneys, that he was following their directions, and that he (Arthur) should thereafter deal with them; that there was no trial of the action for possession, but the terms of the judgment were fully agreed upon by the attorneys, an entry prepared, submitted to the court and placed of record in the form shown by the transcript; that each party acted upon and received benefits under the judgment, appellees by accepting payments thereon, and appellant by continuing in the undisturbed possession of the premises until after January 1, 1911; that appellant had full knowledge of the rendition and provisions of said judgment, and after the issuance of the execution and writ on January 4, 1911, sought to consult Mr. Mahoney, as his attorney.

1. The record, in a properly-prepared and duly-authenticated transcript, imports absolute verity upon appeal. *Ferris* v. *State* (1901), 156 Ind. 224.

Appellant invokes the foregoing proposition to show that there was a trial, and that the judgment in this case was not by agreement, and in so doing says: "We call the court's attention at the outset to the fact that the record shows that appellant filed his answer in general denial to appellees' complaint, that evidence was heard, and that upon this evidence the court rendered the judgment appealed from."

But the record also shows that the very answer upon which appellant relies was filed by his attorneys, Lairy & Mahoney, whose authority he now seeks to question, by matters *dehors* the record. For the purposes of this motion, it is as legitimate to show by evidence outside the record that the judgment entered was by compromise and agreement of the parties, without an actual trial, as to show in the same way that the attorneys who filed the pleadings and prepared the judgment entry were not authorized so to do.

Matter in bar of an appeal may·be presented by verified motions to dismiss, and may be resisted by counter-affidavits, without any formal pleadings. Elliott, App. Proc.

2. §§409-414; Ewbank's Manual §231; *Buntin* v. *Hooper* (1877), 59 Ind. 589; *Day* v. *School City of Huntington* (1881), 78 Ind. 280; *Louisville, etc., R. Co.* v. *Boland* (1880), 70 Ind. 595; *Williams* v. *Richards* (1899), 152 Ind. 528.

The record in this case shows the appearance in the circuit court of the attorneys for both plaintiffs and defendant, and the verified statements outside the record, asserting

3. the complete authority of appellant's attorneys, are equally as strong as those of appellant denying such authority, and, on the facts of this case as disclosed by the record, the verified motion and the affidavits, are far more consistent and convincing. Appellant admits knowledge of the suit, and conversations with the attorneys of record on the subject of the possession of the property, which was also the subject-matter of the suit. In fact, considering the record and the affidavits, the conclusion is irresistible, that the denial of the authority of appellant's attorneys in the case below is an afterthought, born of the exigencies of his need of occupying the premises.

Where there is such a conflict in the affidavits as appears here upon the question of the authority of the attorneys for appellant in the action below, we are not required to reconcile the conflict, but are fully warranted in adhering to the record as it appears in the transcript. *Louisville, etc., R. Co.* v. *Boland, supra; Justice* v. *Justice* (1888), 115 Ind. 201.

Appellant does not deny that the judgment was the result of a compromise and agreement, but says the attorneys were not authorized to make such an agreement for him.

4. The showing made is wholly insufficient to warrant us in concurring in this conclusion, and we are fully convinced that there is no merit in appellant's contention.

Aside from the affidavits, the record, as before shown,

states that there was an agreement of the parties, but does not set it out, except in respect to the delay in issuing an execution or the writ of ejectment. This is conclusive that there was an agreement, and the part set out in the judgment is wholly beneficial to appellant. After making an agreement and accepting benefits derived therefrom, appellant is in no position to disregard it or to split it up and accept the part that is beneficial and reject that which does not now serve his purpose of securing a new trial as a matter of right.

Where a judgment is entered by consent, or by compromise and agreement of the parties, and the court has jurisdiction of the subject-matter, the parties are estopped from denying the validity of the judgment, and from prosecuting an appeal on account of any errors in the proceedings or judgment. *Board, etc.,* v. *Clark* (1909), 43 Ind. App. 499; *Princeton Coal, etc., Co.* v. *Gilmore* (1908), 170 Ind. 366; *Ewing* v. *Ewing* (1903), 161 Ind. 484; *Indianapolis, etc., R. Co.* v. *Sands* (1892), 133 Ind. 433, 438.

It is an established principle of our law, that a party cannot prosecute an appeal, and thereby seek to reverse a judgment, the benefits of which he has voluntarily and knowingly accepted. Such acceptance of benefits waives any errors otherwise available, and estops him from procuring a reversal of the judgment. *Sonntag* v. *Klee* (1897), 148 Ind. 536; *McGrew* v. *Grayston* (1896), 144 Ind. 165; *Williams* v. *Richards* (1900), 152 Ind. 528; *Sterne* v. *Vert* (1886), 108 Ind. 232; Ewbank's Manual §§112, 113.

In this case, on the showing made, we conclude that the judgment was entered by the agreement of the parties, duly authorized, and that such agreement is shown by the record as well as by the motion to dismiss, and that appellant has accepted the benefits of the judgment, by remaining in possession of the premises in pursuance of the agreement of the parties and the judgment of the court.

The motion of appellees is therefore sustained and the appeal dismissed.

Lairy, C. J., not participating.