## STATE OF INDIANA, EX REL. WESTERN CONSTRUC-
## TION COMPANY, *v.* CITY OF PERU ET AL.

[No. 22,717. · Filed February 18, 1915.]

1. MUNICIPAL CORPORATIONS.—*Public Improvements.—Assessments.
—Mandamus.—Dismissal of Appeal.*—Where, pending an appeal
by a contractor from a judgment against him on his complaint
to mandate the officials of a city to adopt a final assessment roll
for a street improvement completed by him, the city adopted a
final assessment roll in the amount of the original estimate,
which was greatly below the contract price, and appellant ac-
cepted the amount of such final assessment as adopted, a dis-
missal of the appeal is required, since, though he expressly
notified the city that the amount was accepted only in part pay-
ment of the amount he claimed, the law contemplates only one
"final" assessment, and his acceptance and retention of the
benefit of a purported final assessment left the council without
power to levy an additional one, and precludes carrying into
effect any judgment that might be rendered in appellant's favor.

From Miami Circuit Court; *Joseph M. Babb,* Special
Judge.

Action by the State of Indiana, on the relation of the
Western Construction Company, against the City of Peru
and others. From a judgment for defendants, the relator
appeals. *Appeal dismissed.*

Vol. 182—44

*Robinson & Stilwell* and *Frank D. Butler,* for appellant.
*David E. Rhodes,* for appellees.

MORRIS, J.—Mandamus action by appellant to compel the city of Peru, through it proper officers, appellees herein, to adopt a final assessment roll.for a street improvement in the aggregate sum of $50,181, and file a copy of the same with the city treasurer and do certain other specified things to enable the relator to receive the contract price for the improvement, alleged to be $50,181.   The complaint was filed April 5, 1914, and some days later appellees filed a demurrer thereto.   On May 19, 1914, the court sustained the demurrer and, appellant declining to further plead, judgment was rendered for appellees.   No appeal from such judgment was prayed, at the time, but on September 17, 1914, appellant filed a præcipe for a transcript for a vacation appeal, and such transcript was filed here on October 10, 1914.   The error assigned is the ruling on the demurrer.

The complaint covers more than fifty pages and sets out, in minute detail, the various proceedings in the city council in relation to a street improvement, as well as many other matters.   It appears from the complaint that in December, 1912, the city council adopted a resolution to pave a named street, and that later the city engineer filed an estimate of the maximum total cost of the improvement fixed at $40,090 (Acts 1909 p. 412, §8710 Burns 1914) ; that afterwards the council determined that such estimate was too low and ordered the engineer to file another, which order was disobeyed ; that thereupon the council itself made and adopted an amended estimate showing the estimated maximum cost to be $61,550 ; that subsequently a contract for the proposed improvement was let to relator, by the terms of which relator, on the completion thereof, became entitled to the sum of $50,181 ; that the work was completed, according to contract, and was accepted ; that certain supplemental proceedings were had by the council, pursuant to the provisions of §4 of the act of March 8, 1909 (Acts 1909 p. 412, §8716 Burns

1914), designed to validate the contract; that various subsequent proceedings were had, resulting in the adoption of an assessment roll limited to the original estimate of $40,090; that the city is willing to adopt a final assessment roll showing assessments for the aggregate sum of $40,090 but for no greater amount.

Appellees have filed a motion to dismiss the appeal based on the following facts that have occurred since the judgment was rendered: on May 26, 1914, the city council confirmed a final assessment roll based on the original estimate of $40,090, and directed the collection of the assessments therein made; that thereafter all parties assessed either paid the assessments or executed waivers therefor, and bonds were executed for assessments represented by waivers; that subsequently, cash and bonds in the aggregate of $40,090, were delivered to relator, which accepted and retains the same. Answering the above motion, appellant, while admitting that relator accepted and retains the $40,090, shows that on June 23, 1914, it presented to appellees a written communication stating that the assessment roll adopted was not correct as to amount, which should have been for $50,181, instead of $40,090, and that while it would accept the latter amount, the same would be on account, and in part payment only, of the larger amount actually due it under its contract; that relator afterwards received said $40,090, and executed its written receipt therefor, but that it was stated in such receipt that said sum was accepted in part payment only of its said account, and that it was entitled to, and expected to collect the further sum represented by the difference between the contract price and the amount received. A copy of the notice to appellees, and a copy of the receipt, showing that the payment was received "on account only pursuant to notice given city of Peru," are filed with the answer.

Among the reasons assigned by appellees for a dismissal of the appeal they urge the one that the appeal now only presents a moot question; that relator has accepted and re-

tains the benefit of a purported final assessment, and leaves the city council without power to levy an additional one on account of the improvement, and has created a state of facts that would preclude the carrying into effect of any judgment in appellant's favor that might be rendered on its complaint.

We are of the opinion that appellees' contention must prevail. The law provides for only one "final" assessment. The city exhausted its power of making assessments against owners of abutting property by its action, unless the same should be set aside in some appropriate proceeding. The relator's conduct prevents such action being overturned. It can not retain the benefits of such action and demand another assessment to make up the deficiency, for the statute does not contemplate two assessments for the same improvement, and regardless of relator's purpose in accepting payment, it was without power to compel another assessment, were it conceded that it was otherwise clearly entitled to the full amount of the contract price. *State, ex rel.* v. *Board, etc.* (1899), 153 Ind. 302, 313, 54 N. E. 809, and cases cited; §8716 Burns 1914, Acts 1909 p. 412; *Western Construction Co.* v. *Board, etc.* (1912), 178 Ind. 684, 690, 98 N. E. 347, and authorities cited; *Butler* v. *Board, etc.* (1912), 177 Ind. 440, 98 N. E. 185; *Walther* v. *State* (1913), 179 Ind. 565, 101 N. E. 1005; *Sonntag* v. *Klee* (1897), 148 Ind. 536, 47 N. E. 962.

Appeal dismissed.

NOTE.—Reported in 107 N. E. 737. As to power of municipal corporations to levy assessments, see 55 Am. Dec. 285. See, also, 28 Cyc. 1058.