HERALD PUBLISHING COMPANY *v.* STATE OF INDIANA, EX REL. BOARD OF COMMISSIONERS OF THE COUNTY OF MADISON.

[No. 9,200. Filed January 4, 1917.]

1. PAYMENT.—*Recovery of Payments.—Mutual Mistake.—Fraudulent Claim.—Demand.*—The rule that, where there has been a mutual mistake in the payment of money, the party receiving it must first be given an opportunity to return it before an action will lie for its recovery applies only in cases in which there has been neither a breach of a contract nor a duty, and not where money has been paid on items which the defendant knowingly and fraudulently included in bills rendered to plaintiff. p. 467.

2. COUNTIES.—*Illegal Payments.—Recovery.—Auditor's Certificate. —Statutes.*—Under §§5955, 5962 Burns 1914, Acts 1899 pp. 343, 357, 362, a claim against a county must be accompanied by a certificate from the auditor showing that the quality of the goods furnished and the price corresponded with the provisions of the contract under which they were purchased, and money paid by a county on claims not so certified to may be recovered by it. p. 467.

3. COUNTIES.—*Claims.—Partial Allowance.—Acceptance.—Effect.*—Where a bill against a county is allowed in part by the board of

county ·commissioners and the part so allowed is accepted and receipted for by the claimant, the acceptance is a settlement or determination of the claim.   p. 468.

4.  APPEAL. — *Harmless Error.* — *Ruling on Demurrer.* — *Want of Memorandum of Defects.*—While it is error for the trial court to sustain a demurrer not accompanied by the memorandum required by statute, yet such ruling is not prejudicial where the pleading attacked is defective in many respects, and in such case the court on appeal will look beyond the mere form of the demurrer to uphold the ruling of the trial court.   p. 468.

5.  APPEAL.—*Questions Presented.—Record.—Refusal of Instructions.*—Error cannot be predicated on the trial court's refusal to give requested instructions, unless it appears affirmatively from the record that they were offered at the proper time and in the appropriate mode.   p. 469.

6.  APPEAL. — *Instructions Refused.* — *Absence of Evidence.* — *Presumption.*—Where the evidence is not in the record, it will be presumed on appeal that requested instructions were not applicable to the evidence and were properly refused for that reason.   p. 469.

From Madison Superior Court; *H. Clarence Austill,* Judge.

Action by the State of Indiana, on the relation of the Board of Commissioners of the County of Madison, against the Herald Publishing Company. From a judgment for relator, the defendant appeals. *Affirmed.*

*Paul P. Haynes* and *Oswald Ryan,* for appellant.

*Walter Vermillion,* for appellee.

IBACH, J.—This was an action by appellee against appellant to recover a sum of money alleged to have been allowed by appellee in violation of law. There was also a cross-complaint filed by appellant in which it sought to recover a sum of money alleged to be due for the printing of supplies for appellee for other years. This went out on demurrer. Upon a trial had there was judgment for appellee for $95 and $10 attorney fees. To reverse this judgment appellant prosecutes this appeal.

The complaint alleges substantially that appellant is a printing company, and that in the year 1910 appellee con-

tracted with it for the printing of tax receipts to be used in the year 1911. The contract provided that the receipts were to be furnished at the rate of sixty-five cents per hundred. Appellant furnished a large number of such receipts and filed its bill with appellee for the same at the rate of eighty cents per hundred and was allowed therefor $151.72 more than it was under its contract entitled to receive. It is charged that "the defendant in violation of the terms of his contract presented said bill for such receipts at the rate of eighty cents per hundred and that the defendant knowingly, unlawfully and fraudulently included in said bill so filed the sum of $151.72 more than it was entitled to receive and that it failed to obtain the certificate required in such cases."

A demurrer to the complaint for insufficient facts, accompanied by a memorandum specifying that no demand was made, was overruled and excepted to. This action of the trial court is the first error assigned.

The well-known rule that where there has been a mutual mistake in the payment of money, the party receiving the same must first be given an opportunity to return 1. it before an action will lie for its recovery, applies only where there had been neither a breach of contract nor a duty. It has no application here, where it is averred that the money had been paid on items which the defendant "knowingly, unlawfully and fraudulently" included in said bills so filed. These averments do not indicate a mutual mistake of the parties, but rather a wrongful presentation of an unlawful claim to appellee by appellant and the wrongful acceptance of the money paid it. *Worley* v. *Moore* (1881), 77 Ind. 567; *Sharkey* v. *Mansfield* (1882), 90 N. Y. 227, 43 Am. Rep. 161.

It is also averred in the complaint that appellant did not procure to be filed with its claim the certificate 2. of the auditor certifying that the quality of the goods and the price corresponded to the provisions of the

contract. It is expressly provided by statute that under such state of facts payment of appellant's claim was illegal. And it is also expressly provided by statute that claims, if paid, may be recovered in an action at law against the person receiving the same. §§5955, 5962 Burns 1914, Acts 1899 pp. 343, 357, 362. It is apparent that the action under consideration is based on these statutes.

It is next insisted that the court erred in sustaining appellee's demurrer to appellant's cross-complaint. The cross-complaint seeks to recover for receipts printed and used under a different contract for the year 1910. The averments disclose the fact that the bill for such printing was filed and allowed in part, which appellant obtained and receipted for. Since it is made to appear from the cross-complaint itself that appellant's bill for print-ing for the year 1910 was allowed in part and refused in part, and the part allowed was accepted and receipted for, such acceptance constitutes a settlement or determination of the claim so filed. *Butler* v. *Board, etc.* (1911), 177 Ind. 440, 98 N. E. 185; *Western Construction Co.* v. *Board, etc.* (1912), 178 Ind. 684, 98 N. E. 347.

Appellant's chief contention, however, is that the court should not have considered the demurrer to this pleading for the reason that no memorandum was filed with the demurrer. This precise question has not been passed upon by either of the courts of appeal of this state. Both courts, however, have held that it may look beyond the grounds stated in the memorandum which accompanies the demurrer to uphold the ruling of the trial court in sustaining a demurrer, and if such ruling of the trial court is correct on any ground it will be upheld, although the memorandum did not point out the particular ground on which the demurrer was sustained. *Boes* v. *Grand Rapids, etc., R. Co.* (1915), 59 Ind. App. 271, 108

N. E. 174, 109 N. E. 411; *Bruns* v. *Cope* (1914), 182 Ind. 289, 105 N. E. 471. Under these holdings, following the same line of reasoning, it would seem that, while a demurrer for want of facts containing no memorandum should not have been considered, but was considered, and the pleading to which it was addressed was defective for want of some essential allegation, the action of the trial court in sustaining the demurrer would not be held reversible error.

In this case the cross-complaint was bad in many respects. No harm could possibly come to appellant on account of the ruling complained of. Under such circumstances this court will look beyond the mere form of the demurrer to uphold the trial court.

Finally appellant contends that there was error in overruling its motion for a new trial, particularly with reference to the refusal of the court to give certain tendered instructions. The record fails to disclose any request prior to the commencement of the argument that the offered instructions be given. Appellant is therefore in no position to complain. Error cannot be based on the refusal to give tendered instructions unless it appears affirmatively from the record that they were offered in due season and in the appropriate mode. *German Fire Ins. Co.* v. *Columbia, etc., Tile Co.* (1896), 15 Ind. App. 623, 638, 43 N. E. 41, and cases cited. Again the evidence is not before us, so that, if the instructions had been tendered opportunely, it would be presumed that they were not applicable to the evidence and were refused on that account. *Jenkins* v. *Wilson* (1895), 140 Ind. 544, 40 N. E. 39; *Hamline* v. *Engle* (1895), 14 Ind. App. 685, 42 N. E. 760, 43 N. E. 463.

An examination of the instructions referred to clearly show they are not applicable to the theory of the complaint, which, as we have said, is clearly an action under the statute to recover illegal payments made by the board of commissioners.

We find no reversible error in the record. Judgment affirmed.

NOTE.—Reported in 114 N. E. 703. See under (1) 30 Cyc 1323; (3) 11 Cyc 599. Effect of allowance or rejection by county of claim presented against it, 55 Am. St. 203.