ADAM *v.* BOARD OF COMMISSIONERS OF BOONE COUNTY.

[No. 9,323.   Filed December 4, 1917.]

1. APPEAL.—*Presenting Questions for Review.—Motion for New Trial.—Grounds.—Sufficiency.*—Assigning as grounds for a new trial that "the decision is contrary to the evidence," presents no question for review on appeal.   p. 53.

2. APPEAL.—*Review.—Evidence.—Weight and Sufficiency.*—Where questions raised by a motion for a new trial require a consideration of the evidence, it will not be weighed by the court on appeal to determine its preponderance.   p. 53.

3. COUNTIES.—*Claims.—Partial Allowance.—Acceptance.—Effect.*—Where, after the acceptance of a bridge, the board of county commissioners allowed less than the amount of the contract price in full settlement of the contractor's claim and he accepted a warrant for the amount allowed, but stated at the time that he accepted it as partial payment only, which fact the auditor agreed to have the record show, the contractor waived his right to recover the balance of his claim, since where a board of county commissioners allows part of a claim filed before it and disallows the balance thereof, the claimant, in accepting the amount allowed, thereby waives his right to litigate in relation to the balance rejected; nor did the auditor have any authority to bind the board of commissioners by any agreement as to the legal effect of

the acceptance of the warrant, his sole duty being to deliver it in pursuance of the allowance made. pp. 53, 55.

4. ESTOPPEL.—*Acceptance of Benefits.*—A party cannot accept a benefit based on the legality of an adjudication and thereafter complain that it is erroneous. p. 55.

5. COUNTIES.—*Claims.—Partial Allowance.—Acceptance.—Effect.*— Where plaintiff, after completing the construction of a county bridge pursuant to contract, filed his claim for the full amount of the contract price and the board of county commissioners refused to accept the bridge as not being properly constructed, but, on the parties entering into a supplemental agreement changing the plans and specifications, the board allowed a part of the claim and disallowed the remainder, and plaintiff accepted a warrant for that part of the claim so allowed, receipting therefor as part payment, and thereafter completed the bridge and, the work being accepted, filed his claim for the remainder of the contract price, but was allowed only part thereof, which he refused to accept, he was not precluded from maintaining an action for the balance due by reason of his acceptance of the original allowance, since the action of the county commissioners in making such allowance was not a final adjudication of the amount due plaintiff for constructing the bridge, but was merely a partial payment. pp. 56, 59.

6. COUNTIES.—*Board of County Commissioners.—Allowance of Claims.—Power to Reconsider.*—When a board of county commissioners acts on a claim by allowing part thereof and rejecting the remainder, it thereby exhausts its powers with reference thereto, and thereafter has no jurisdiction to consider such claim, in whole or in part, as originally filed or refiled. p. 58.

From Boone Circuit Court; *Joseph Combs,* Special Judge.

Action by John Adam against the Board of Commissioners of Boone County. From a judgment for defendant, the plaintiff appeals. *Reversed.*

*Ira M. Sharp,* for appellant.

*Roy W. Adney,* for appellee.

BATMAN, J.—Appellant brought two actions against appellee on a written contract for the construction of

bridges in Boone county, Indiana, one being No. 4,648, and the other No. 4,735. Both actions were based on the same contract, but sought to recover the balance alleged to be due for the construction of two separate bridges thereunder. By agreement of the parties these two actions were consolidated and tried together in the court below. The complaint in cause No. 4,648 is in a single paragraph, and, briefly stated, alleges the execution of the contract in suit, and the completion of bridge No. 166 thereunder, for which he was to be paid the sum of $422; that prior to the making of such contract, a copy of which was filed with the complaint and made a part thereof, the county council of said county had appropriated the necessary funds with which to pay for said bridge, and that appellee had duly advertised the letting of such contract, and had taken all the necessary steps preceding the letting thereof; that appellant had filed his claim for said contract price and appellee had allowed thereon the sum of $397, and denied that it was liable to appellant for the remaining $25 thereof. To this complaint appellee filed a single paragraph of answer in which it admitted the execution of the contract in suit, and that it agreed to pay appellant $422 for the construction of bridge No. 166 thereunder; that appellant filed his claim for $422 for the construction of such bridge, and that appellee allowed thereon the sum of $397 and rejected the remaining $25 thereof. Such answer then alleges in substance that the auditor of said county drew his warrant, payable to appellant for said sum so allowed on said claim; that appellant accepted said warrant and received thereon the sum of $397, which he retains, and that said action was brought to recover $25 of said claim that was disallowed by appellee. To this

answer appellant filed a reply in two paragraphs, the first of which was a general denial, and the second alleges in substance the filing of said claim for $422, the allowance of $397 thereon, the rejection of the remaining $25 thereof by appellee, and the bringing of this action for said sum so rejected; that said sum of $397 had been received by appellant, but that the same had not been agreed upon as the sum which he would accept in full settlement of such claim; that the allowance of such sum was not the result of any settlement or compromise; that he did not receive the same in full settlement of his said claim, as appellee well knew, but accepted the same as part payment only; that said bridge No. 166 for which said claim was filed had been fully completed in all things in accordance with the plans and specifications therefor, and to the acceptance of the engineer in charge; that no claim was ever made by appellee to the contrary, but that it arbitrarily deducted from his said claim the said sum of $25 without right. To this affirmative paragraph of reply appellee filed its demurrer for want of facts, on the ground that it showed that appellant had waived its right to litigate the demand set out in the complaint by accepting the amount allowed on his claim by appellee. The court sustained this demurrer, to which ruling appellant excepted.

The complaint in cause No. 4,735 is in two paragraphs. The first paragraph contains substantially the same allegations as the complaint in cause No. 4,648, except that it seeks to recover a balance of $300 due for the construction of bridge No. 167, for which it is alleged appellant was to receive $623. The second paragraph differs from the first, in that it alleges that appellant filed his claim for a part of the con-

tract price for such bridge, to wit, $323; that said sum was allowed and paid by appellee; that after the completion of said bridge No. 167 plaintiff filed his claim for the balance of said contract price, to wit, $300; that appellee allowed thereon the sum of $275, and refused to allow the balance thereof; that appellant refused to accept said amount so allowed, and never received any part thereof; and that said sum of $300 is now due and owing appellant.

Appellee answered said complaint by alleging in substance that appellant filed his claim for $623 on account of the construction of bridge No. 167; that appellee allowed thereon the sum of $323 and rejected the remainder thereof; that appellant accepted said sum so allowed, and that this action was brought to recover the remaining $300 for the construction of said bridge No. 167.

To this answer appellant filed a reply, the nature of which is not disclosed by the record. Trial by the court, finding for appellee, and judgment against appellant for costs. Appellant filed his motion for a new trial, which was overruled.

The errors assigned and relied on for reversal are that the court erred in sustaining appellee's demurrer to the second paragraph of reply in cause No. 4,648, and in overruling appellant's motion for a new trial. The first assigned error cannot be sustained, as the facts alleged in said paragraph of reply are clearly not sufficient to avoid the answer to which it is addressed. Such answer is drawn on the theory of a waiver by appellant of his right to maintain an action for the portion of his claim disallowed, by the acceptance of the portion allowed. The facts set up in such paragraph of reply would not avoid the effect

of such acceptance, and hence the court did not err in its ruling on such demurrer.

Appellant assigned the following reasons for a new trial: (1) The decision of the court is contrary to law; (2) the decision of the court is not sustained by sufficient evidence; (3) the decision is contrary to the evidence. The last reason assigned fails to present any question to this court for its determination. *Bass* v. *Citizens Trust Co.* (1903), 32 Ind. App. 583, 70 N. E. 400. In considering the questions properly raised by the motion for a new trial, we must direct our attention to the evidence, but in doing so this court will not weigh the same for the purpose of determining where the preponderance lies. If proper evidence was heard by the trial court upon which to base its decision, this court will not review it. *Beavers* v. *Bess* (1914), 58 Ind. App. 287, 108 N. E. 266; *Vandalia R. Co.* v. *House* (1914), 59 Ind. App. 10, 108 N. E. 872; *Nicholson* v. *Smith* (1915), 60 Ind. App. 385, 110 N. E. 1007; *Dorrell* v. *Herr* (1915), 184 Ind. 445, 111 N. E. 614.

We shall first consider the evidence with reference to that portion of appellant's claim for the construction of bridge No. 166, which appellee refused to allow, being the $25 for which cause No. 4,648 was begun. There is no dispute in the evidence relating to the execution of the contract, the construction of the bridge, the acceptance of the same, the filing of a claim for the full contract price of $422, the allowance of $397 thereon, the disallowance of the remaining $25 thereof, and the acceptance by appellant of the amount so allowed. The sole question is as to the legal effect of such acceptance under the attending circumstances. It is now firmly settled

in this state that where a board of county commissioners allows part of a claim filed before it for allowance, and disallows the balance thereof, the claimant in accepting the amount allowed, although less than the sum claimed, thereby waives his right to litigate in relation to the balance rejected. *Butler* v. *Board, etc.* (1911), 177 Ind. 440, 98 N. E. 185; *Western Construction Co.* v. *Board, etc.* (1912), 178 Ind. 684, 98 N. E. 347; *Board, etc.* v. *State,. ex rel.* (1913), 179 Ind. 644, 102 N. E. 97; *Herald Publishing Co.* v. *State, ex rel.* (1916), 63 Ind. App. 465, 114 N. E. 703. Appellant does not question the rule stated, but insists that the circumstances under which he accepted the amount allowed him on such claim renders the rule inapplicable. The evidence discloses that at the time the county auditor delivered the warrant appellant said to him that it was not for the full amount, but he would accept it as part payment; that the auditor answered, "You had just as well take the warrant, and I will note it on the book"; that appellant then said, "All right if you note it that way it will be all right," and accepted the warrant. Appellants also testified that he did not accept the warrant as full settlement of the amount due him for the construction of the bridge, and that there was never any controversy as to the amount due him on that account. Appellant contends that these facts show that he did not accept the warrant for the amount allowed on his claim in full settlement of the amount due thereon, and hence did not waive his right to sue for the balance thereof. We cannot concur in this contention. The action of appellee, in passing on such claim, appears to have been taken in the due course of business, unaffected by any agreement with appellant. What may have been said between him and the auditor when he

accepted such warrant in no way bound appellee. The auditor's sole duty in that regard was to draw and deliver the warrant in pursuance of the allowance made by appellee. He had no authority to bind appellee by any agreement, as to the acceptance of such warrant, or the legal effect thereof. That appellant could not give character to his acceptance nor control the legal effect thereof by any mental reservation, secret intentions, or *ex parte* statements made at the time, is so apparent as to make argument unnecessary. It is a well-established rule that a party may not accept a benefit, based on the legality of an adjudication, and thereafter be heard to complain that it is erroneous. *McGrew* v. *Grayston* (1896), 144 Ind. 165, 41 N. E. 1027; *Sonntag* v. *Klee* (1897), 148 Ind. 536, 47 N. E. 962; *Williams* v. *Richards* (1898), 152 Ind. 528, 53 N. E. 765; *State, ex rel.* v. *City of Peru* (1914), 182 Ind. 689, 107 N. E. 737; *Maiben* v. *Manlove* (1911), 48 Ind. App. 617, 96 N. E. 501; *Beard* v. *Hosier* (1914), 58 Ind. App. 14, 107 N. E. 558. The principle involved in this rule has been applied to the determination of boards of commissioners in passing on claims filed before them, notwithstanding they act in an administrative capacity in so doing. *Butler* v. *Board, etc., supra; Western Construction Co.* v. *Board, etc., supra; Herald Publishing Co.* v. *State, ex rel., supra.* The law therefore determines the legal effect of appellant's act in accepting the warrant for the part of the claim allowed by appellee, and he is bound thereby. We conclude that the trial court may have properly found that appellant had waived his right to recover payment of the amount disallowed by the board in an independent action.

We shall next consider the evidence with reference

to the claim for the balance of the contract price for the construction of bridge No. 167, for which cause No. 4,735 was begun. The evidence appears to establish the following facts: That the contract in suit was duly executed; that appellant constructed such bridge and filed his claim for the full amount of the contract price therefor at appellee's December term, 1911; that at said term the engineer in charge reported that said bridge had not been properly constructed, and appellee, by an order entered on December 1, 1911, refused to accept the same; that thereafter on the seventh day of said month, the parties entered into a supplemental agreement, changing the plans and specifications as to the banisters of such bridge; that at such term appellee allowed the sum of $323 on appellant's claim, and disallowed the remainder thereof; that appellant accepted a warrant, drawn by the auditor of said county for that part of said claim so allowed, and in receipting therefor made the following notation immediately following his name (as part payment); that thereafter appellant completed said bridge, and prior to appellee's August term, 1912, filed his claim for the remainder of the contract price for the construction of said bridge No. 167, to wit, $300; that appellee at said term accepted said bridge on the report of the engineer and inspector in charge, allowed $275 on said claim, and disallowed the remainder thereof; that appellant refused to accept the amount so allowed, and instituted said cause No. 4,735 to recover the balance of $300 alleged to be due him for the construction of said bridge.

Appellee claims that such facts bring appellant clearly within the rule stated *supra* with reference to the effect of an acceptance by a claimant of the

amount allowed by a board of county commissioners on a claim filed before it. The correctness of such contention depends upon the construction placed on the act of such board in making the allowance of $323 on the claim first filed by appellant relating to said bridge No. 167. If such act may properly be construed to be a final determination by such board of commissioners of the amount due appellant for the construction of such bridge under its contract with him therefor, then such rule must be held to apply, and appellant, by reason of his acceptance of the amount so allowed, would have no right to recover in this action for the balance of such contract price. On the other hand, if the proper construction of such act leads us to the conclusion that such allowance was intended by said board only as a partial payment on the contract price for such bridge, then said rule cannot be held to apply, and appellant would not be precluded from maintaining this action, under the circumstances shown. From the facts established by the uncontradicted evidence, we conclude that such allowance was in fact intended by said board only as such partial payment, notwithstanding the fact that such claim was filed for the full contract price therefor. This appears to be the only proper inference that can be drawn from the undisputed facts. It will be noted that at the term such board of commissioners acted on appellant's said claim, the engineer in charge of the construction of such bridge reported to said board that said bridge had not been properly constructed, and that said board, by an order entered on December 1, 1911, refused to accept the same; and that thereafter on the seventh day of said month, the parties entered into a supplemental agreement changing the plans and specifications as to the banis-

ters of such bridge. It is apparent, therefore, that such board was not attempting to determine the amount that would be due appellant when the bridge was finally completed and accepted by it, and to make an allowance on such claim accordingly, but only intended to make a partial payment on the contract price, in view of its uncompleted condition, and its nonacceptance of the same. The conclusion we have reached finds support in the subsequent act of such board, in allowing appellant the sum of $275 on his claim for the balance of the contract price for such bridge, after he had done further work thereon, the engineer and inspector in charge had reported it completed and the board had accepted the same. In fact, our conclusion admits of the only reasonable explanation of appellee's conduct in making such subsequent allowance. It should be noted that in making said second allowance the board did not attempt to rescind or set aside its former action, nor to reconsider the amount allowed appellant on the bridge in its uncompleted condition, but only assumed to determine the balance due him for the bridge, which had been completed and accepted subsequently to said first allowance. Therefore the rule laid down in that regard in *Myers* v. *Gibson* (1898), 152 Ind. 500, 53 N. E. 646, is not applicable. In reaching this conclusion, we have not been unmindful of the

6.    fact that when a board of county commissioners acts on a claim filed before it by allowing a part thereof and rejecting the remainder, it thereby exhausts its powers with reference thereto, and thereafter has no jurisdiction to consider the same, in whole or in part, as originally filed or as refiled, as held in *Western Construction Co. v. Board, etc., supra.* Such rule, however, should not be extended

in its application to cases where allowances are made as partial payments only, or used to defeat subsequent claims made under changed conditions which warrant the same, although arising out of contracts in which prior payments have been made. Such an application in the instant case would violate the evident spirit of the rule, and work an injustice not warranted by the facts.

The uncontradicted evidence shows that appellant has an enforceable claim against appellee for some amount for the construction of bridge No. 167, and the trial court therefore erred in overruling appellant's motion for a new trial. Judgment reversed, and cause remanded, with instructions to sustain appellant's motion for a new trial, and for other proceedings not inconsistent with this opinion.

NOTE.—Reported in 117 N. E. 876. Counties: allowance or rejection of claims against counties, 55 Am. St. 203, 15 C. J. 659; part payment as satisfaction of claim against county, Ann. Cas. 1914D 824.