FOWLER v. FARM BUREAU MUTUAL INSURANCE COMPANY OF INDIANA.

[No. 20,093. Filed July 26, 1965.]

*Paul E. Schrenker* and *Schrenker & Anderson,* of Anderson, for appellants.

*John A. Farr, Jr.,* and *Busby, Davisson, Cooper & Farr,* of Anderson, for appellee.

CARSON, J.—This case comes to us on appeal from the Hancock Circuit Court. The action below was instituted by the Farm Bureau Mutual Insurance Company against the named appellants and certain other parties who do not appear in this appeal. The Farm Bureau instituted the action seeking a declaratory judgment in connection with an insurance policy which the Bureau had written on Robert Clifford. The contention of the Bureau was that the policy in question did not have a "family coverage" provision and that the only way in which the driver of a car covered by the policy would be covered would be where he was driving with the permission of the insured owner.

The court below found that the policy did not use the usual language "residents of the same household" and that therefore the plaintiff-appellee was not responsible under its contract to defend and pay for any

judgment which might be obtained against Robert Clifford. It should be noted that the appellants in this action are persons who claim to have been injured as the result of an accident between the car owned by Robert Clifford and a car owned and operated by Inez Fowler. At the time of the accident the car owned by Robert Clifford was being operated by his minor step-son, Robert C. Carpenter. It is significant that Robert Clifford is not a party to the appeal against the Bureau which obtained a declaratory judgment in the court below.

The issues were framed by a complaint by the Bureau against the named appellants as defendants and certain other parties who did not join in the appeal setting out that the Bureau had insured Robert Clifford under an automobile policy that did not have family coverage; that the step-son, Robert Carpenter, as the driver of the automobile was not among the group covered by the policy; that there was no liability on the part of the Bureau since the policy did not cover persons in the situation of the step-son, Robert Carpenter, for the reason that Robert Carpenter was driving the car of his stepfather without permission. The pertinent portions of the insurance contract were set out as an exhibit to the complaint and the plaintiff prayed that the rights of the Bureau be determined, fixed and declared, and that the true, intent, meaning and effect of the contract be determined as providing that there was no coverage or obligation on the part of the Bureau to make any payments under the policy. The defendants below filed an answer under Rule 1-3 of the Supreme Court of Indiana and the cause was submitted to the court on the issues as framed by the plaintiff's complaint and the defendants' answer. The pertinent provisions of the policy in question and

those clauses which the Bureau relied upon as limiting their liability read as follows:

> "Coverage A—Bodily Injury Liability. To pay on behalf of the insured all sums which the insured shall become obligated to pay by reason of the liability imposed upon him by law for damages because of bodily injury, including death at any time resulting therefrom, sustained by any person or persons, caused by accident and arising out of the ownership, maintenance or use, including loading and unloading, of the automobile."

> "Coverage B—Property Damage Liability. To pay on behalf of the insured all sums which the insured shall become obligated to pay by reason of the liability imposed upon him by law for damages because of injury to or destruction of property, including the loss of use thereof, caused by accident and arising out of the ownership, maintenance or use, including loading and unloading, of the automobile."

> "III. DEFINITION OF 'INSURED'

> (a) Coverages A and B. The unqualified word 'insured', wherever used in coverages A and B and in other parts of this policy, when applicable to such coverages, includes the named insured and, except where specifically stated to the contrary, also includes any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is with the permission of the named insured. The insurance under this paragraph with respect to any person or organization other than the named insured or spouse does not apply."

The court found that on the date of the accident that Robert C. Carpenter was operating the car owned by the defendant, Robert Clifford; that he was operating the automobile without the permission of the owner; that therefore the defendant, Robert Carpenter, was not an insured person within the meaning of exhibit A of the plaintiff's complaint.

A motion for new trial was filed by certain of the appellants setting up four grounds. First that the court erred in overruling the motion for new trial of the defendant-appellant Ella Mae Perry to present additional evidence; second, that the decision of the court is not sustained by sufficient evidence; third, that the decision of the court is contrary to law and; fourth, that the court refused to re-open the judgment to take additional testimony and set aside its findings and enter a new judgment or grant a new trial, for the reason that the defendants-appellants could produce material and new matter which material and new matter were set out in an affidavit attached to the motion for new trial.

The sole assignment of error is that the court erred in overruling the appellants' motion for new trial.

In the argument portion of the appellants' brief only specification two and three of the motion for new trial are argued and therefore propositions 1 and 4 are deemed waived.

We have reviewed the concise statement of the evidence set out in the appellants' brief and it is readily apparent that there is considerable conflict in the evidence. Our Supreme Court and this court have repeatedly held that we will not weigh the evidence in determining the question of reversal on an assignment that the decision of the court was not sustained by sufficient evidence. We would be called upon in this appeal to weigh the evidence if we were to sustain this assignment of error. The same does not therefore present a question upon which the court can pass in this case. *Adam* v. *Board, etc.* (1917), 66 Ind. App. 48, 117 N. E. 876. 4 West's *Indiana Digest,* Appeal & Error §987(1) and cases cited therein.

The only question left for our decision on appeal is

the third proposition that the decision of the court is contrary to law. Under the rule set out in ▉ *Pokraka et al. v. Lummus Company* (1952), 230 Ind. 523, 529, 104 N. E. 2d 669, we are left with the responsibility of determining whether or not reasonable minded men would have arrived at a contrary result when consideration is given to the evidence most favorable to the appellee together with all reasonable inferences which may be drawn therefrom. The rule as stated in *Pokraka et al. v. Lummus Company*, supra, is:

> "To determine this question we will consider only the evidence most favorable to appellee, together with any reasonable inferences which may be drawn therefrom."

In the case before us there is no dispute as to the language of the insurance policy. There is no dispute that the car was owned by Robert Clifford; that Robert Carpenter is his step-son; that he drove the car at a time when his parents were away from home for the day; that he was involved in an accident resulting in personal injury and property damage to others.

In examining the evidence concerning the question of permission to drive the car in question, we find that Robert Carpenter testified that both his mother and step-father had warned him about the effect of taking the car out on the road and what would happen if he had an accident. He testified that he took the keys to the car and without their knowledge or permission had a duplicate set made; that he used these keys to operate the car on the day they were absent from home. On direct examination Robert Carpenter testified concerning a conversation had with his step-father wherein he said and we quote:

"He told me about what could happen if I was to

get out and have a wreck in it; he told me that I wasn't to operate on Public Highways that I could move it there in the driveway to put gas in it and stuff, but other than that there wasn't much said."

We think from the evidence the court arrived at █ the only logical conclusion possible in this case.

In the argument portion of appellants' brief there is some hint that this is not a proper case under the declaratory judgment statute. While this question was not specifically saved we think it can properly be considered under the assignment that the decision of the court is contrary to law.

We direct attention to the statement of this court in applying §3-1106 Burns' 1946 Replacement in the case of *G S. Suppiger Co.* v. *Summit Gas & Water Co.* (1949), 119 Ind. App. 102, 84 N. E. 2d 207, where the court said:

". . . it should be remembered that §3-1106 is permissive."

The application of a declaratory judgment statute in Ohio which is similar to ours has been passed on in the case of *Travelers Indemnity Co.* v. *Cochrane* (1951), 98 N. E. 2d 840, 844:

"The purpose of the Uniform Declaratory Judgments Act is to provide procedural means to settle controversies and to afford relief from uncertainty with respect to rights, status and other legal relations. The courts have frequently rendered declaratory judgments as to the validity and construction of various kinds of insurance contracts and as to the rights of the parties arising therefrom."

The general rule is further set out in 16 Am. Jur. Declaratory Judgments, §35, p. 79 and 80, supplement:

"However, it may no longer be doubted that the extent of an insurer's responsibility or its immunity from liability under an insurance contract are rights which it can petition to have determined by declaratory judgment."

"In the case of liability policies, a dispute or controversy between the insurer and its insured as to the fact or extent of liability under the policy to persons injured as a result of the operation of the insured automobile, including, in most cases, the insurer's obligation to defend the insured in actions threatened or pending for damages against him, is generally held to present an actual or justiciable controversy within a declaratory judgments act."

We therefore hold that this was a proper action for declaratory judgment and the judgment of the trial court should be affirmed.

Prime, P.J. and Faulconer, J., concur.*

NOTE.—Reported in 209 N. E. 2d 262.